WILLIAM C. LOGAN, *et al.*, v. LUCY B. HARTWELL.

5    649
52    373

*Error   from   Atchison   County.*

*Decided January 28th, 1864.*

1.  EVIDENCE, PAROL.—Parol testimony is admissible to show an agreement made, after a note is due, that it should be left at a certain place for collection.

2.  INTEREST; TENDER.—A tender at that place will stop the interest from the time of the tender.

3.  COSTS.—Where an answer admits a certain amount to be due the plaintiff, and where that sum is paid into court upon the filing thereof, and where upon the trial the plaintiff does not show himself to be entitled to a greater amount, judgment should be rendered for plaintiff for only the costs accruing up to the filing of the answer.

The defendant in error brought action against the plaintiff in error on a promissory note, by its terms payable one month from date, at the banking house of Smoot, Russell & Co., in Leavenworth. The answer alleges non-residency of plaintiff below, agreements made after the time of the note, that it should be left for payment at a place other than where payable on its face and a tender of the sum due thereon at that place after the same became due. Evidence was given and attempted to be given, tending to prove substantially the facts of the answer, and that the amount tendered was paid into court. The following findings were made by the court trying the case :

1.  That by the agreement of the parties, made about the 10th of August, 1860, the said note was to be left for payment at the banking office of Smoot, Russell & Co., at the city of Leavenworth.

2.  That on or about the 15th of November, 1860, the said Wm. C. Logan went to said bank with $150 to $200 in gold coin, and also a lot of gold dust. When he went in he demanded of the clerk the note, and at the same time set his money on the counter; that the clerk told him (defendant) that the note was not there ; that afterwards Logan sold to the said bank, part of his gold dust, about $200, for gold coin; the clerk and Logan talked about the note during the sale of the gold dust, but there was but one demand made for said note.

3.  That afterwards, and a short time previous to bringing this suit, John Deitz, as the agent of Lucy B. Hartwell, called on the said Wm. C. Logan and demanded payment of said note, at which time said Logan did not offer to pay said money or any part thereof, but offered to turn out eighty acres of land in payment of said note.

On the foregoing facts the court found as points of law:

1.  There was not a legal tender made by the said Logan at the office of Smoot, Russell & Co., on the 15th day of November, 1860.

2.   There is due the plaintiff the sum of $619.62, on said note and mortgage.

The court on the trial refused to allow the defendants to introduce parol evidence of any verbal agreement as to the time and place of payment of said note, made at the time of the execution of the same or previous thereto.

The defendants moved for a new trial; from the order refusing which he brings the case to this court for review.

*Otis & Glick*, for plaintiff in error.

*C. G. Foster*, for defendant in error.

*For plaintiff in error*, it was submitted.

1.   It was competent for defendant below to prove by parol, an agreement made at the time of the execution of the note, that the note should be payable at a place specified, if not paid at maturity.   *Phil. Ev.,  Cow. & H's notes, part* 2, 601, 602; 2 *Phil. Ev.*, 356; 1 *Greenl. Ev.*, § 285; 1 *Pet.*, 92.

2.   The finding of facts as to the agreement on the place of payment as binding; presumes a consideration.

3.   The tender made was good and stopped interest for that time.   The money need not have been shown where the obligee had, by his own act, precluded the necessity. *Chitty Contr.*, 797; 8 *Ohio*, 169; 6 *Pick.*, 356; 8 *Mees. & W.*, 298; 10 *Cush.*, 267; 2 *Pars. Con.*, 153, 157; 5 *Pick.*, 106; 2 *Conn.*, 659; 2 *Greenl. Ev.*, 607.

4.   The obligee was a non-resident; the obligor was obliged to go out of the realm to seek and pay the note.

*Foster, for defendant in error*, submitted:

1.   Parol evidence cannot be given to vary a written agreement.   The evidence offered was of this character.   2 *Phil. Ev.*, 270; 1 *Wend.*, 424; 1 *Cow.*, 249; 3 *Sandf.*, 7; 8 *Barb.*, 396.

2.   There was not a sufficient tender.   The money must

be produced.  [3 *Blackst. Com.*, 304 ; 15 *Wend.*, 637 ; 12 *How. Pr. R.*, 440.]  Enough was not offered.  Gold dust is not a legal tender.

*By the Court*, BAILEY, J.

The judgment below was reversed.