## JAMES RIVARA v. QUEEN'S INSURANCE COMPANY.

1. FIRE INSURANCE.    *Action on policy.    Limit of other insurance.    Other policies as evidence.*

    In an action upon a policy of fire insurance which limits "other insurance" on the same property, it is not error for the court to permit the defendant, in attempting to show that such limit has been exceeded, to introduce in evidence other policies on the property, where their issuance is proven by the testimony of the agent who issued and countersigned them, though there be no proof of the other official signatures thereto.

2. SAME.    *Action on policy.    Breach of condition.    Evidence tending to avoid.    Practice as to instructions.*

    Where the plaintiffs in such action adduce evidence "tending to show" facts which, if established, would avoid the effect of breaches of the conditions of the policy proven by the defendant, it is error for the court to refuse to instruct the jury as to the legal effects of such facts, and to virtually compel the return of a verdict for the defendant.

3. INSURANCE.   *Limitation of agent's authority.   Effect as to third persons.*
   The powers of an insurance agent may be limited by the company, but parties dealing with him in the real or apparent scope of his agency, and having no notice of the limitation of his authority, are not affected thereby.

4. SAME.   *Agent's powers.   Acts and declarations.   Notice.*
   If such agent have authority to make contracts of insurance and to issue policies, the company is bound by anything said or done by him in reference to any such contract, either before or after the contract is made, and notice to him is notice to the company.

5. SAME.   *Agent misleading or taking advantage of assured.   Oral evidence.   Estoppel.*
   And if any such agent take advantage of the inability of the assured to read, or mislead him as to the amount of other insurance allowed, or in regard to making proofs of loss, or as to any of the terms or conditions of the policy, the company is not permitted, either in a court of law or of equity, to profit by such wrong.   And although oral evidence cannot be used to contradict or vary the written contract, it is admissible to show the circumstances in which the policy was issued, and to effect an estoppel as to any of its provisions.

6. FIRE INSURANCE.   *Condition in policy.   Articles prohibited on premises.   Waiver.*
   A condition in a policy of fire insurance prohibiting the use of or deposit of certain articles on the premises where the insured property is situated, is waived by knowledge of the agent at the time of taking the insurance that the prohibited articles were, or were to be, used or kept on the premises.

7. SAME.   *Condition of policy inconsistent with facts.   Estoppel.   Waiver.*
   When the assured in a policy of insurance has been guilty of no fraud, the insurer is estopped from setting up the breach of a condition of the policy, if it was known by the company, at the time the policy was issued, that such condition was inconsistent with the facts, or the breach of a condition after the issuance of the policy, if the company induced the assured to believe that such breach was waived.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

On the 5th of May, 1882, the Queen Insurance Company, of Liverpool, England, through its agent, O. Metcalf, at Natchez, in this State, issued to James Rivara a policy of insurance for one thousand dollars against loss by fire for the period of twelve months upon a "stock of family groceries, wines, liquors, and other merchandise," in a certain building occupied by the assured as a store, in the city last mentioned.   The fifth condition to this

policy contained, among other printed stipulations, two to the effect that the policy should become void (1) " in case the assured shall now have or hereafter make or accept any other insurance, whether valid or not, on the insured property without the written consent of the company indorsed hereon; or (2) when any of the products of petroleum or coal oil are deposited, stored, or kept, or used for lights, on the premises, or refined coal or earth oils, or kerosene, in quantities exceeding five gallons, are deposited, stored, or kept on the premises." The first stipulation above recited was modified by a written provision in the obligatory part of the policy allowing " one thousand five hundred dollars other insurance." The ninth condition to the policy contained the stipulation that " in case of loss or damage the assured shall forthwith give notice of said loss in writing to the company, and as soon thereafter as possible, a particular account of such loss under oath," etc.

In March, 1883, the " greater part of" the goods insured as above stated were destroyed by fire; and on the 29th of December, 1883, Rivara brought this action against the Queen Insurance Company to recover upon the policy above referred to. The defendant by its pleadings and proof presented the defense that the assured had violated each of the stipulations recited above. To establish the excess of insurance the defendant's counsel put in evidence two policies of insurance issued by the Western Assurance Company and two issued by the Crescent Insurance Company to Rivara, upon the same goods insured with the defendant, aggregating two thousand dollars, and in force at the time of the fire. The issuance of the same was proven by the testimony of the agent who issued and countersigned them. It was also shown that suits had been brought by the plaintiff upon three of the four policies. The plaintiff objected to the admission of the policies in evidence, and moved to exclude them on the ground that they had " not been proven, nor the signatures thereto, and it had not been shown that they are *bonâ fide* or valid contracts." The objection and motion were overruled.

The plaintiff sought to meet the several phases of the defense set up by " evidence tending to show " *certain* facts, which are suffi-

ciently stated in the opinion of the court. Fifteen instructions asked by the plaintiff were "refused," and those asked by the defendant were given as containing the law of the case. The purport of the latter is clearly indicated in the opinion of the court. The verdict and judgment were in favor of the plaintiff, and the defendant appealed.

*Nugent & McWillie*, for the appellant.

The objections to the admission of the policies in evidence were that the policies were not proven nor the signature thereto; and it was not shown that they were *bonâ fide* or valid contracts.

The ruling below resulted from a total misconception of Code, § 1683. By force of that statute it is not necessary to prove the signature or execution of any written instrument, the foundation of any suit, and which is set forth in the pleading, unless the same be denied by special plea verified by the oath of the party pleading the same; nor is it necessary to prove any written signature, the execution of any instrument, or any identity of names of persons, or description of character, or the persons composing any firm or partnership, which may be set forth in the pleading, unless the same be denied by special plea verified by oath as aforesaid. And the like rule prevails, as far as may be applicable, in all cases when any writing is pleaded or set up by the defendant. It is manifest that this act does not refer to or include any written instruments not set up by a defendant in his pleas, nor does it relate to any cases except those founded on written instruments. In all other respects the rules of law established for proof of written instruments apply in all their force. 55 Miss. 242; 2 Greenleaf on Evidence 16 ; 1 Best on Evidence 220, 221.

We insist that the court erred in refusing the charges asked by the plaintiff and in giving those asked by the defendant.

If, at the time a policy is written, the agent writing it knew that there was other insurance, the condition against other insurance does not apply to such other insurance as was at that time known to the agent. The courts will not permit an insurer to receive the premium when they knew that the policy was not binding, and which they never intended to pay, and to avoid liability thereon

by setting up in defense matters of the existence of which they were fully aware when they entered into the contract. Wood on Fire Ins., §§ 358 and 359.

No defense based upon a breach of a condition requiring notice and indorsement of other insurance can be made where the agent issuing the policy had notice that other insurance had been or would be obtained and did not object thereto. *Planters', etc., Ins. Co.* v. *Lyons*, 38 Texas 253 ; *Goodall* v. *New England Mut. Fire Ins. Co.*, 25 N. H. 169 ; *Hadley* v. *N. H. Fire Ins. Co.*, 55 N. H. 110; *National Ins. Co.* v. *Crane*, 16 Md. 260; *Washington Fire Ins. Co.* v. *Davison*, 30 Md. 91 ; *Cobb* v. *Ins. Co.*, 11 Kan. 92 ; *Carrugi* v. *Atlantic Fire Ins. Co.*, 40 Ga. 135 ; *Ins. Co.* v. *Wilkinson*, 13 Wall. 222 ; *Roe* v. *Harrison*, 2 Term Reports 425 ; *Webster* v. *Phœnix Ins. Co.*, 36 Wis. 67.

The company's agent knew that the plaintiff used coal-oil lamps bracketed to the posts and walls of his store so as to be easily seen. The insurer is estopped from setting up the breach of any condition of the policy when, at the time of its issue, it knew that the condition was inconsistent with the facts and the assured has been guilty of no fraud, or the breach of any condition after the policy was issued, if it has induced the assured to believe or rely upon it that such breach was waived, whereby he has been induced to do any act at the request or by the direction of the company which he otherwise would not have done. A party cannot occupy inconsistent positions, and where one has an election between inconsistent courses of action he will be confined to that which he first adopts. Any decisive act of the party done with the knowledge of his rights and of the fact determines his election and works an estoppel. Wood on Fire Ins. 497.

With full knowledge of the facts constituting a breach of one of the conditions of the policy, the insurer received and appropriated the premium paid by the plaintiff, and its right to insist that the policy is forfeited for that cause is gone. *Rowley* v. *Empire Ins. Co.*, 36 N. Y. 550; *Mershon* v. *National Ins. Co.*, 34 Iowa 87.

The ninth condition annexed to the policy required that the insured should render a particular account of his loss, etc. Prelimi-

nary proofs, as the phrase goes, were to be furnished to the insurer, and the failure to furnish them would disable the plaintiff from suing, as a rule.    Did the appellee waive these proofs, or by its contract or declarations dispense with them ?    The general adjuster of the appellee went to Natchez clothed with authority to adjust and pay the loss if he thought the plaintiff entitled to compensation, or to refuse if he thought otherwise.    He did inquire into the circumstances, and after such inquiry determined that he could not and would not pay the plaintiff's loss, remarking to him that his loss was not near so great as he supposed, and that his neighbors were talking badly about him, referring to reports that plaintiff had burnt his own goods or was accessory or privy to the burning.    These were the stated grounds of refusal, and the adjuster said he would not pay the plaintiff according to the terms of his policy.    After this, what use was there in making up proofs of loss ?

The absolute denial of any liability on the part of the company, after an examination of the property insured, waived the right to formal proof of loss.    *Norwich Trans. Co.* v. *Western Mass. Ins. Co.*, 34 Conn. 361.    So if the insurer objects to paying the loss upon the ground that no contract of insurance was ever made, or if the insurer's examiner makes an examination of the loss and denies all liability under the policy, or if the insurer's agent proceeds to ascertain the loss, or if the insurer absolutely and unqualifiedly refuses to pay the loss.    Wood on Fire Ins.    717, 718, citing *Tayloe* v. *Merchants' Ins. Co.*, 9 How. (U. S.) 330 ; *McBride* v. *Republic Ins. Co.*, 30 Wis. 562 ; *Johnson* v. *Columbia Ins. Co.*, 7 Johns. 315 ; *Thwig* v. *Gt. Western Ins. Co.*, 111 Mass. 93 ; *Francis* v. *Ocean Ins. Co.*, 6 Cowen 404 ; *Rogers* v. *Traders' Ins. Co.*, 6 Paige 583 ; *Planters' Ins. Co.* v. *Comfort*, 50 Miss. 662 ; Sansom's Dig. Law of Insurance 1106 b. ; Wood on Fire Ins. 419, 420, 421.

*D. Shelton*, for the appellee.

The policies of insurance put in evidence by the defendant were competent.    It is true that we did not prove actual signature of the policies by the foreign directors and agents, but we did prove

by their Natchez agent that he signed and issued them as they now are, and the policies on their face show that they had no validity or effect until signed and issued by him, and did have validity and effect when signed and issued by him. We did also show that Rivara himself held those four policies issued by that same agent and had sued on three of them, and we produced and proved from the records, not copies, but his, Rivara's, originals in suit by him.

The court, in refusing to give the instructions asked by the plaintiff, refused to recognize that the evidence as given proved a *waiver* implied by law of the *stipulations* violated, and would have set aside any verdict founded on a supposed *waiver* of the stipulations. The court was right; it and not the jury was the proper tribunal to adjudicate whether or not there was *in law* an implied *waiver* of the positive prohibitory stipulations of the policy; that question was one that involved the *construction* of the policy, and also *adjudication* as to what *in law* it requires to make an *implied waiver* of a positive prohibitory stipulation expressed in the policy.

The defense set up as to excessive insurance was clearly made out by defendant's proof, and plaintiff proved nothing which in law waived the clauses of the policy on which that defense was founded. There was *no evidence* tending to show knowledge of excessive insurance, none tending to show waiver of the clauses of the policy in respect thereto, except as to the amount of one thousand five hundred dollars written in the policy. There was positive evidence that defendant and its agent did not know of any excessive insurance, had never given any enlargement of the limit, had never given any consent, written or verbal, to other insurance, and had never been asked for any such consent by Rivara. It was a clear legal conclusion that there existed no *waiver* of said prohibitory clauses. Flanders on Insurance 48, 57 ; 60 Miss. 314.

We have certainly proved that Rivara violated the prohibitions in the policy relating to coal oil in both letter and spirit, for he not only did keep and burn coal oil in the store and among the insured goods, but he kept it on hand in a tank and barrels as part of his stock in trade.

There is no pretense of express waiver, written or verbal, in the

whole case or in the evidence on either side.   Was there an *implied waiver* of these expressed prohibitions in the written contract? If so, the plaintiff must prove it.   His only showing is that the company's àgent at Natchez did not stop Rivara from his careless and reckless keeping and handling coal oil in his store in violation of his policy.

Was the ninth condition of the policy, relating to proofs of loss, waived by the insurer or its agents, without knowing any of the facts except the fire, or being able to learn from Rivara or any other person the amount of the loss, or to procure any detailed statement thereof *on oath?*   That is the question.   The principle on which it can be solved is plain.   The insurer will be held to have waived the preliminary requisites expressed in the policy when he has done some act which authorized the insured to believe that he was satisfied with the proof made on that subject or wanted no proof on it.   2 Pars. on Con. 461; 1 Cush. 257; 6 Cush. 342; 9 Barb. 191; 60 Miss. 312 to 315.   And the distinct declaration that nothing is waived prevents a waiver where the act would otherwise come within the principle.   The agent of the insurer here showed that he was dissatisfied with the proof and refused to settle.   2 Pars. on Con. 402; 2 Pet. 53.

ARNOLD, J., delivered the opinion of the court.

There is no just ground to complain of the action of the court in overruling the objections made to the policies read in evidence in regard to other insurance.   But refusing the instructions asked by the appellant, and giving those asked by the appellee, was virtually instructing the jury to find for the latter.   On the facts exhibited by the record, the law is not so conclusive on the issues involved as to dispense with the consideration and judgment of a jury upon them.

It should have been left to the jury to determine, with other facts, whether the agent who issued the policy sued on had authority to take risks and issue policies without forwarding applications to his company, and whether he knew that appellant was unable to read, and in the matter of other insurance, or other respect, he took advantage of appellant's ignorance or inability to read, and whether

the agent on the day after the fire obtained appellant's policies and told·him that he would make up a statement of his loss and kept the policies twenty days or more, and whether the adjuster of the company had authority to adjust and pay losses, and after investigating the circumstances connected with the fire, told appellant that on account of reports of his being privy to the burning he would not pay the loss or advise its payment, and whether the appellant was misled on these accounts in regard to making proofs of loss, and whether the agent of the company who issued the policy knew at the time, and before and after it was issued, that coal oil was used for lights and kept for sale on the premises.

It is stated in the bill of exceptions that appellant's testimony *tended to show* these facts, and the court should have instructed the jury as to the legal effect of such facts if proven. It was error for the court to refuse instructions asked by appellant on these points. There is nothing in the law or nature of insurance which exempts parties connected with it from the obligations of mutual good faith and fair dealing required in other pursuits, and the rights of parties to a contract of insurance are affected by fraud and undue advantage as in other transactions of life.

The powers of insurance agents to bind their companies are varied by the character of the functions they are employed to perform. Their powers in this respect may be limited by the companies, but parties dealing with them as to matters within the real or apparent scope of their agency are not affected by such limitations unless they had notice of the same. An insurance agent clothed with authority to make contracts of insurance or to issue policies stands in the stead of the company to the assured. His acts and declarations in reference to such business are the acts and declarations of the company. The company is bound, not only by notice to such agent, but by anything said or done by him in relation to the contract or risk, either before or after the contract is made. Wood on Fire Ins. 641, 648, 650, 651 ; 1 Phillips on Ins., § 562.

If he takes advantage of the ignorance or inability of the assured to read, or misleads him as to the amount of other insurance

allowed, or in regard to making proofs of loss, or as to the terms of the policy, or otherwise, the company is not permitted, either in a court of law or equity, to take advantage of such wrong. And in such case the contract being in writing is not an insuperable obstacle in the way of truth and justice. The written contract cannot be contradicted or varied by oral testimony, but, when necessary, such testimony is admissible to show the circumstances under which the policy was issued and to effect an estoppel as to any of its provisions. *Ins. Co.* v. *Wilkinson*, 13 Wall. 222; *Ins. Co.* v. *Mahone*, 21 Wall. 152; *Rowley* v. *Ins. Co.*, 36 N. Y. 550.

A condition in an insurance policy prohibiting the use or deposit of certain articles may be waived, and is waived, if the agent taking the insurance knew at the time it was taken that the prohibited articles were used or kept, or were to be used or kept, on the premises. Flanders on Fire Ins. 324.

In such case the insurance company cannot claim that it has been wronged or deceived, and to permit it to issue a policy and take the benefits of the contract, knowing at the time that it is not bound thereby, and afterward to avoid liability thereon, upon the ground that something existed or did not exist of which the company or its agent was fully aware at the time the contract was made, would be repugnant to that sense of justice and morality which is and should be inculcated by law. Wood on Fire Ins. 279, 601, 843.

If the assured has been guilty of no fraud, the insurer is estopped from setting up the breach of any condition of the policy, when it knew at the time the policy was issued that the condition was inconsistent with the facts, or the breach of any condition after the policy was issued, if it has induced the assured to believe that such breach was waived and has thereby misled him. Flanders on Fire Ins. 42, 43; May on Ins., §§ 468, 469; Wood on Fire Ins. 672, 673, 832, 833, 837; *Knickerbocker Ins. Co.* v. *Pendleton*, 112 U. S. 696; *Ins. Co.* v. *Spankneble*, 52 Ill. 53; *Reaper Ins. Co.* v. *Jones*, 62 Ill. 458; *Rowley* v. *Ins. Co.*, 36 N. Y. 550; *Planters' Ins. Co.* v. *Lyons et al.*, 38 Tex. 253; *Ins. Co.* v. *Barringer*, 73 Ill. 230.

*Reversed.*