THE NORWEGIAN PLOW COMPANY v. JNO. J. MUNGER *et al.*

1. NEW TRIAL—*Immaterial Errors.* Immaterial errors not prejudicial to the rights of the defeated party are no ground for a new trial.

2. LETTERS *Properly Received in Evidence.* Where a banker, doing business in this state, having in his charge collections for a corporation located at Dubuque, Iowa, corresponds through the mails with such corporation about the notes and orders in his hands for collection, and, in reply to his letters, receives through the mails, from Dubuque, Iowa, answers to his letters, purporting to come from the company and dictated by its secretary, but written with a typewriter, *held,* such letters were properly received as *prima facie* evidence as having come from the company.

3. NOTE—*Notice of Equities of Maker.* A corporation which receives a note, before its maturity, from a person acting as its agent, and having attached thereto the following memorandum, "Accept order on Borders Town Company, and turn note over to J. J. Munger," is charged with notice of the equities of the makers who agreed with

the person acting for the company that, upon the delivery of an order of the town company of the amount of the note, the note was to be returned to the makers.

*Error from Finney District Court.*

THIS was an action, on the 20th day of December, 1888, by the *Norwegian Plow Company,* upon a promissory note, for $325, due 30 days after date, executed by *John J. Munger* and Charles S. Desky to one J. J. Johnson, and by him indorsed to the Norwegian Plow Company. Munger answered, admitting that he signed the paper sued on, with following memorandum or indorsement upon the note: "Accept order on Borders Town Company, and turn note over to J. J. Munger," but denied that there was any consideration for his signing or delivering the same, and set up that the note was given in lieu of an order to be issued by the Borders Town Company and to be delivered in lieu of the note. The trial was had before the court without a jury, and, upon the findings of fact and conclusions of law, the court rendered judgment in favor of Munger and against the plow company, from which judgment this appeal is prosecuted by the company.

*H. R. Boyd,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: Numerous errors are alleged, but as many of them are trivial and unimportant, we refer to three only.

I. It is insisted that the trial court erred in permitting agency to be shown by the declarations of Mr. Bish, an alleged agent. This was in no wise prejudicial; because, although Mr. Bish was the assistant cashier of the First National Bank, at Garden City, yet he is the party who received the note from Johnson, the payee, in the presence of John J. Munger, with the following memorandum or indorsement attached thereto: "Accept order on Borders Town Company, and turn over note to J. J. Munger." Whether he was agent of the Norwegian Plow Company is immaterial.

He acted as such agent, and the company received the note with the memorandum attached; therefore, it accepted the note with full notice of the conditions upon which it was given.

II. It is next insisted, that the trial court erred in admitting in evidence two letters from the Norwegian Plow Company. It appears from the record that Mr. Patton was officially connected with the First National Bank, at Garden City, and that, as an officer of the bank, he had collections to make for the company. He corresponded through the mails with that company, which was located at Dubuque, Iowa, relative to the $325 warrant, or order, of the Borders Town Company, referred to in the memorandum. In answer, he received the letters by mail, purporting to come from the company, and dictated by C. W. Mitchell, as the secretary of the company, but written with a typewriter. Under these circumstances, there was a sufficient identification of the letters to permit them to be introduced as *prima facie* evidence.

III. It is further insisted, that the tender of $325 and interest in an order of the Borders Town Company was not sufficient for a return of the note. The note was dated November 3, 1887. It was due 30 days after date. This action was commenced on the 20th of December, 1888. Some time in January, 1889, in accordance with the memorandum on the note, an order of the Borders Town Company was offered to take up the note. When the answer was filed, on the 15th of May, 1889, this tender was renewed, and the order of the Borders Town Company deposited in court for the plaintiff. It was decided in *Logan v. Hartwell*, 5 Kas. 649:

"Where an answer admits a certain amount to be due the plaintiff, and where the sum is paid into court upon the filing thereof, and where upon the trial the plaintiff does not show himself to be entitled to a greater amount, judgment should be rendered for plaintiff for only the costs accruing up to the filing of the answer."

The trial court made the following findings of fact:

"The note copied in the petition was executed by the defendants on the 3d day of November, 1887. The note was executed by Munger and Desky to secure the plaintiff until an order on the Borders Town Company could be procured. The Borders Town Company was the party beneficially interested. The note and the memorandum of the cotemporaneous agreement were executed at the same time. The note remained in possession of the Norwegian Plow Company until the order from the Borders Town Company was procured and tendered in exchange, according to the agreement evidenced by the memorandum. The indorsement on the note (the memorandum) was in substance, 'Accept order on Borders Town Company, and turn note over to J. J. Munger.' The agreement which was evidenced by this indorsement was in substance: 'That the note should be held by Mr. Bish until the order could be procured, and was then to be turned over to Mr. Munger, on the tendering of such order.' The note never went into innocent hands. Defendant Munger was not indebted to John Johnson in any sum whatever at the time of giving the note in question."

Although the order of the Borders Town Company was not tendered until after the commencement of this action, yet upon the findings of fact, supported by the evidence, the plow company was not entitled to anything but that order, and the costs accruing up to the tender. It seems, however, that the attention of the court below was not directed to the question of costs, and no motion was made to retax the costs.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.