## NATIONAL LIVE STOCK INSURANCE COMPANY *v.* CRAMER.

[No. 9,116. Filed December 13, 1916.]

1. INSURANCE.—*Parol Contracts.—Validity.*—Parol contracts of insurance may be valid and of binding force. p. 215.
2. INSURANCE.—*Contract to Renew Policy.—Validity.*—An insurance company can, by a preliminary oral contract, bind itself to issue or renew a policy of insurance in the future. p. 216.
3. INSURANCE.—*Renewal of Policy.—Authority of Agent.—Oral Contract.*—Where an agent for an insurance company has apparent power to solicit insurance, collect premiums, deliver policies, and do all things necessary to transact the company's business intrusted to his care, and no restriction is brought to the knowledge of an applicant, the company is bound by the agent's oral contract to renew an existing policy of insurance. p. 216.

4. INSURANCE.—*Authority of Agent.*—*Renewal.*—*Notice of Expiration of Policy.*—A letter from an insurance company to a policy holder, informing him of the date of the expiration of his policy and requesting him to see the company's agent concerning a renewal and let him take care of his interests, justified the assured in assuming that the agent had full and general authority to act for his principal. p. 216.

5 INSURANCE.—*Contracts of Insurance.*—*Power of Agents.*—*Restrictions in Policy.*—Provisions in policies of insurance limiting the powers of agents have reference to that policy only, and have no application to preliminary agreements to insure or to renew existing insurance. p. 217.

6. APPEAL.—*Action on Insurance Policy.*—*Judgment.*—*Error in Favor of Appellant.*—A defendant appealing from an adverse judgment cannot object that the judgment is for a smaller amount than should have been allowed under the findings of fact. p. 217.

From Henry Circuit Court; *John F. LaFollette,* Special Judge.

Action by Joe Cramer against the National Live Stock Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*M. S. Meyberg,* for appellant.

*Forkner & Forkner,* for appellee.

IBACH, J.—Appellant issued a live-stock insurance policy to appellee for a term of one year and for the sum of $500, covering two certain horses, particularly describing them.

The first paragraph of the complaint, to recover for the death of one of the horses, proceeds upon the theory that the same agent who obtained the first policy orally agreed to reinsure the horses described in the first policy in the same amount for another year on the same terms and conditions contained in the original policy, and that such old policy would be renewed; that no new policy was ever issued, and on May 19, 1913, one of the horses died. The second paragraph proceeds upon the theory that appellant's agent made an original parol contract of insurance with appellee.

Appellant answered in two paragraphs, a general denial

and a denial that any policy of insurance was issued, or that any insurance was effected through the negotiations between appellee and appellant's agent and, if any insurance had been thereby consummated, there was no liability because the horse for which loss is claimed was sick·from eight o'clock a. m. one day until three o'clock a. m. of the next day, and no notice of such sickness was given appellant, as the terms of the policy required.

Replies were filed closing the issues. The cause was submitted to the court and by request a special finding of facts was returned, together with conclusions of law thereon. Appellant excepted to each of the conclusions of law and· then filed a motion for a *venire de novo,* which was over-ruled. A motion for a new trial was then filed, which was also overruled and exceptions reserved to each of such rulings. Judgment was rendered for appellee in the sum of $381.72, from which this appeal is taken.

The facts are fully found by the court and are sustained by the evidence. We, therefore, are not required to give further thought to the errors assigned relating to the over-ruling of appellant's separate motions for a *venire de novo* and for a new trial. We proceed to the further assignment that the court erred in its conclusion of law on the facts found. These findings show the existence of appellant company; that it was organized to insure live stock and that it appointed as its agent in Newcastle and vicinity Nathan Cummins. The appointment was in writing and by its terms the authority of such agent was limited to soliciting and forwarding applications of insurance to appellant for approval or rejection. In compensation for his services he was to be paid in commissions provided for in his appointment.

On April 16, 1912, defendant issued to plaintiff a policy of insurance by the terms of which defendant, in considera-tion of the sum of $50 as premium, agreed to insure plain-tiff against the loss of two horses by death for a period of

one year to the amount of $100 on one horse, and $400 on another, named Turban. Before the expiration of the policy defendant mailed a letter to plaintiff wherein he was informed of the time his policy would expire and a request was made that he renew his policy and he was directed to reach the local agent and *"have him take care of his interests."* On the same day defendant also wrote its local agent, Cummins, directing him *to use his best endeavors to secure a renewal of the policy if he still considered the risk desirable.* Upon receipt of his letter plaintiff called upon the agent Cummins and informed him of his desire to again insure with his company for the same amount, "but that he desired the entire sum placed on the one horse Turban." The agent instructed plaintiff to bring him the card giving the description and number of the horse and that they would arrange to reinsure him. Afterwards, and before the expiration of the old policy, plaintiff provided defendant with the requested information, and thereafter, and in the absence of plaintiff, the agent Cummins prepared an application for him which was mailed to defendant at its office in the city of Indianapolis. Plaintiff then offered to pay the premium to the agent but he was told by him not to pay it until he received the policy and *that he could consider himself insured.* Immediately after the expiration of the policy plaintiff again called on the local agent for his new policy, but was informed that it had not been received from the home office, but *agreed and promised that he should consider himself insured in the sum named in his application on the horse Turban.* While all these matters were happening defendant was holding out to the public and to appellee that Cummins was its agent; that plaintiff *had no knowledge of any limitation on his authority.* Plaintiff relied on the agreement believing that Cummins was defendant's agent, and was induced to rely on said insurance and not to take insurance in any other company. About eight o'clock a. m. of May 18, 1913, the horse Turban became

sick. He was then on plaintiff's farm about one mile from Millville, Henry county, and about seven miles from Hagerstown. Plaintiff immediately called a veterinary surgeon at Hagerstown, by telephone, and he came at once to attend the horse. Plaintiff was required to telephone through the exchange at Millville and, May 18, being Sunday, the exchange was closed after nine o'clock of that day. The veterinary remained with the horse the greater part of that day and until two o'clock next morning, when the horse died. Plaintiff immediately notified defendant of the death of the horse and asked what disposition should be made of him, and was told by Cummins to bury him. He had the horse moved, however, to Hagerstown, where an autopsy disclosed that he had died from acute indigestion. The horse had never been sick before, was a pedigreed stallion, and was worth $1,000. After the death of the horse and within a reasonable time, on May 22, plaintiff wrote a letter to defendant in which he narrated all the business transactions had with their agent; that he relied upon the statement made by the agent that the horse was insured; that he had died shortly after the new insurance had been placed; that he had notified the agent of his death, and demanded the new policy and the amount of insurance which had been placed on the horse. All of which was refused by the defendant on the ground of nonliability.

Upon the foregoing facts the court stated conclusions of law as follows: First, the law is with the plaintiff on the finding of facts hereinbefore found. Second, that the plaintiff should recover the sum of $381.72 together with costs.

Parol contracts of insurance have been many times held valid and of binding force by both the Supreme and Appellate Courts of this State. *Angell* v. *Hartford Fire Ins. Co.* (1874), 59 N. Y. 171, 17 Am. Rep. 322; *Western Assurance Co.* v. *McAlpin* (1899), 23 Ind. App. 220, 55 N. E. 119, 77 Am. St. 423; *Ohio Farmers Ins. Co.* v. *Bell* (1912), 51 Ind. App. 377, 99 N. E. 812.

The proposition is well settled that an insurance company can, by a preliminary contract, bind itself to issue or renew a policy of insurance in the future. The controlling question then in this case is, Do the facts constitute such a contract? Insurance companies contract through their agents, and whether he be called a general or special agent, if he had apparent power to solicit insurance, collect premiums, deliver policies, and do all things necessary to transact the business of his company given to his care, and no restriction is brought to the knowledge of the person dealing with him, such agent, under such circumstances, will bind the company by a verbal contract with the assured made at or prior to the expiration of an insurance policy covering live stock, which the assured desired to again insure either in whole or in part. *Kerlin* v. *National Accident Assn.* (1894), 8 Ind. App. 628, 35 N. E. 39, 36 N. E. 156; *Kitchen* v. *Hartford Fire Ins. Co.* (1885), 57 Mich. 135, 23 N. W. 616, 58 Am. Rep. 344; *Commercial Union Assurance Co.* v. *State* (1888), 113 Ind. 331, 15 N. E. 518. The letter from appellant to appellee, in which he was requested to see its agent and let him take care of his interests, justified him in assuming that such agent had full and general authority to act for it. He had a right from this and other facts proven and found by the court to infer that appellant had authorized all that its agent did and said to appellee concerning insurance. *Ruggles* v. *American Central Ins. Co.* (1889), 114 N. Y. 415, 21 N. E. 1000, 11 Am. St. 674.

We are satisfied that the finding of facts, considered together, are sufficient on the question of the authority of Cummins to make an oral contract of insurance and of appellee's right to rely, and that he did rely on such authority when the oral contract of insurance contended for was made. But it is appellant's contention that since the original policy of insurance which appellee had received from

it in 1912 contained limitations of the agent Cummins' authority, such limitations in that policy would be notice generally of his limited authority.

It has been held, however, and rightly so, that provisions in policies limiting powers of agents, have reference only to the policy itself, and have no application

5. to the preliminary agreements to insure or to renew existing insurance. *Zell* v. *Herman, etc., Ins. Co.* (1890), 75 Wis. 521, 44 N. W. 828; *Renier* v. *Dwelling House Ins. Co.* (1889), 74 Wis. 89, 42 N. W. 208, 210; 1 Wood, Insurance (2d ed.) §11. Appellant, although denying that there was a contract of insurance at the time the stallion Turban died, yet contends that if such oral contract of insurance had been consummated, it must be presumed that the parties contemplated such form of policy as to conditions as was used by the parties originally, and since such policy provided that the company would not be liable if the insured failed to render at once, by telegraph, notice of any sickness with which the horse might become afflicted, there was no liability because of failure to give such notice. In view of the disposition we have made of the last contention we are not required to discuss this proposition.

There was evidence, although contradicted, supporting the court's finding. These findings cover all the issues tried and they are favorable to appellee, and sustain the conclusions of law and the decision.

It appears from the finding of facts in this case that appellee should have been given a judgment for $500,

6. but appellee does not contend for this and no point is made in the briefs. Appellant is in no position to object. Judgment affirmed.

NOTE.—Reported in 114 N. E. 427. Insurance, oral contracts, validity and effect, 6 Ann. Cas. 624. General agencies, apparent authority of agent, 88 Am. St. 782; 22 Cyc 1429, 1430.