(77 South. 452)

## HARTFORD FIRE INS. CO. v. OLLINGER & BRUCE DRY DOCK CO
### (1 Div. 232.)

(Court of Appeals of Alabama. Dec. 18, 1917.)

1. EVIDENCE ⨀➡71—PRESUMPTIONS—MAILING LETTERS.

Letters properly addressed and duly mailed were presumably received.

2. EVIDENCE ⨀➡601(1) — SUFFICIENCY — RECEIPT OF LETTERS.

Evidence that plaintiff properly addressed and mailed letters, together with their production ·by defendant at the trial, *held* to establish their receipt.

3. PRINCIPAL AND AGENT ⨀➡119(1) — PRESUMPTIONS—AGENT'S AUTHORITY.

A reply letter signed by one purporting to be an agent of the person originally addressed raises a presumption both of the genuineness of the signature and of the writer's authority to bind the original addressee.

4. INSURANCE ⨀➡92—AGENT'S AUTHORITY—LETTER.

Where an inquiry addressed to defendant insurance company was replied to by persons which it had held out as its general agent and assistant general agent, such persons presumably had authority to act for it.

5. INSURANCE ⨀➡130(6)—CONTRACT—AGENT'S AUTHORITY.

Where an insurance contract was consummated, it is unnecessary to decide whether insurance agents were authorized to make the contract, or were a mere conduit through which negotiations were conducted.

6. INSURANCE ⨀➡237 — CONTRACTS — SUFFICIENCY OF EVIDENCE.·

Evidence *held* to establish a contract for insurance, although the insurance agents through whom the contract was made wired the insurer for a "binder."

7. INSURANCE ⨀➡237—CONTRACT—BREACH.

Where the insurer renounces a contract to insure, the insured may accept the breach, terminate the contract, and sue for damages.

8. INSURANCE ⨀➡237—BREACH OF CONTRACT—MEASURE OF DAMAGES.

Where contract to insure is breached before a loss, and insured accepts the breach, the measure ·of damages is the difference between the cost of insuring elsewhere and the cost under· the contract. provided the insured uses reasonable diligence· in protecting himself from loss.

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Action by the Ollinger & Bruce Dry Dock Company against the Hartford Fire Insurance Company for damages for breach of contract for failure to insure plaintiff's property. Judgment for plaintiff, and defendant appeals. Affirmed.

The contention of plaintiff was that they had made a contract with defendant through Norville Bros. to insure their property through the marine branch of the defendant company, and that they were ready, willing, and able, and, in fact, offered, to pay the premium demanded, but nevertheless the defendant failed and refused to issue the policy. The special pleas set up: First, that the agreement entered into was between plaintiff and one Norville, whose only authority from defendant was a telegraphic authority to act in arranging for the issuance of a policy by defendant, and that said Norville had no authority to write policies or certificates on behalf of defendant in this state. Second, that the contract sued upon was an agreement as to a policy contract, and that said agreement was not plainly expressed in any policy issued thereon. Third, that the parties never definitely agreed on the period of time which was to be covered by said policy of insurance. Fourth, that it was agreed between said parties that the said policies should contain the provision that the amount of the insurance should be proportioned so that the hull, tackle, apparel, and furniture should be insured as one value, and the machinery, boilers, etc., and the things therewith connected should be insured as of another value, the aggregate value being $50,000; but the parties never did agree as to what proportion of said sum should go to the hull, tackle, etc., and what should go to the machinery, etc. Fifth, blanks as to the percentage were agreed to be filled out, but the parties never agreed as to what percentage should be filled in in the last two blank spaces.

Harry T. Smith & Caffey, of Mobile, for appellant. Gregory L. Smith & Son, of Mobile, for appellee.

SAMFORD, J. There are four propositions insisted upon by the appellant in brief:

"First. That the persons from whom it is claimed that Norville Bros. obtained their authority had no power to confer such authority.

"Second. No person in fact undertook to authorize Norville Bros. to enter into such a contract, but the only authority which any one undertook to confer upon Norville Bros. was that of brokers, wholly without authority to contract, but authorized on the contrary merely to find a customer, and put the customer in communication with the insurance company.

"Third. Norville Bros. did not, in fact, undertake to enter into a verbal contract of insurance, but, on the contrary, merely undertook to act as brokers, with the understanding that any contract between the parties would be made directly between the appellant and the appellee in writing.

"Fourth. In addition to these, each of the special pleas, setting up that some of the material terms of the contract had never been agreed upon, were fully established by the undisputed testimony in the cause."

[1-4] It cannot be questioned that the defendant company received the letters of Norville Bros. The undisputed fact that such letters were properly addressed and duly mailed to them raises that presumption. Corry v. Sylvia Y. Cia., 192 Ala. 550, 68 South. 895; Campbell v. Woodstock Iron Works, 83 Ala. 359, 3 South. 369. In addition to that, the fact that these letters were produced by the defendant upon the trial, with the date of their receipt stamped upon each letter, and in one instance the date when the letter was answered, makes their receipt ·certain, and the fact that the answers were signed by Vail and Timberlake raises the presumption as to the genuineness of the signatures of the

agents of the defendant. Corry v. Sylvia Y. Cia., supra.

If the contentions of appellant's counsel should prevail, it would break down the rule of presumptions arising from correspondence in due course, as applied to corporations. Corporations can only act through agents, and the doctrine of presumptions arising from correspondence has been built up on common sense and reason, nor is the rule without adjudicated authority. The receipt of a letter answering a letter addressed to another, and signed by one purporting to be the agent of the person addressed, raises the presumption both of genuineness of the signature and of the authority of the writer to bind the person addressed. Kinder v. Pope, 106 Mo. App. 536, 80 S. W. 315; Gilliland & Gaffney v. Southern Railway Co., 85 S. C. 26, 67 S. E. 20, 27 L. R. A. (N. S.) 1106, 137 Am. St. Rep. 861; Norwegian Plow Co. v. Munger, 52 Kan. 371, 35 Pac. 11; Armstrong v. Advance Thresher Co., 5 S. D. 12, 57 N. W. 1131; Scofield v. Parlin et al., 61 Fed. 804, 10 C. C. A. 83; W. U. T. Co. v. Rowell, 153 Ala. 314, 45 South. 73. The authorities cited in appellant's brief are not in point. Vail and Timberlake were held out by the corporation in its printed letterheads as being the general agent and assistant general agent of the marine and transportation department of an insurance company doing a general fire and marine insurance business. The letters were answers to correspondence with reference to this particular kind of business, and a holding that, under circumstances such as are presented in the present case, the authority of agents acting for the corporation must be shown by resolutions of a board of directors, as is contended by appellant's counsel, can never be sustained.

[5] The second contention of appellant "that no person, in fact, undertook to authorize Norville Bros. to enter into such contract, but the only authority which any one undertook to confer upon Norville Bros. was that of brokers," etc., is not material. This is not an action in which a contract with Norville Bros. is involved. It is not material whether Norville Bros. were authorized to make the contract, or were a mere conduit through which the communications between the parties passed, resulting in the meeting of the minds of the principals upon the same terms. The action in this case is based upon a contract between the appellant and the appellee, and the facts disclose a completed contract between the parties whereby the appellant agreed, for a certain stipulated sum, to insure the property of the appellee in the sum of $50,000 for a stipulated time, in accordance with terms agreed upon between the parties. The case of Minto v. Moore, 1 Ala. App. 562, 55 South. 542, is therefore not in point. Under the facts in this case, it is unnecessary to differentiate between the authority of a general broker and that of a specially authorized agent.

[6] As to the third contention of appellant, that "Norville Bros. did not in fact undertake to enter into a verbal contract of insurance, but on the contrary merely undertook to act as brokers, with the understanding that any contract made between the parties would be made directly between the appellant and the appellee in writing," it is shown by the evidence that through Norville Bros. a definite offer was made and accepted. The contract contemplated the issuance of a policy by the defendant, and the fact that Norville Bros. wired to the appellant for "binder" does not change the terms or affect the contract, which had already been made. This is abundantly sustained by the evidence.

The fourth contention of the appellant that each of the special pleas, setting up that some of the material terms of the contract had never been agreed upon, were fully established by the undisputed evidence in the cause, is not borne out by the testimony, as we have heretofore seen. The proposition was for a policy of insurance such as was already in existence, and was held by the appellee. A copy of this was furnished to the appellant, and the appellant furnished to the appellee a printed blank to be used in so far as it was applicable. These formed a part of the correspondence and negotiations, and, coupled with the testimony in the case, disclosed a proposition for the issuance of a policy, and an agreement as to every material part thereof. The authorities cited in appellant's brief state no new doctrine, but they do not apply to the facts in this case.

[7, 8] In a contract to insure, where the insurer renounces his contract, and declares that he will not be bound thereby, the insured may accept the breach, terminate the contract, and sue for such damages as he has sustained, and where the breach occurs before a loss takes place, and the breach is accepted by the insured, the measure of damages is the difference between the cost of the insurance obtained elsewhere and its cost under the contract, provided the insured has used due diligence in protecting himself against loss.

The foregoing disposes of all the errors insisted upon in appellant's brief. We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.