(139 So. 104)

**UNITED BURIAL & INS. CO. v. COLLIER.**

**8 Div. 360.**

Court of Appeals of Alabama.

Nov. 3, 1931.

Rehearing Denied Nov. 17, 1931.

Watts & White, of Huntsville, for appellant.

"Plaintiff as administrator of the estate of Ida M. Winston deceased, claims of the defendant the sum of Three Hundred ($300.00) dollars as damages for breach of a parol contract made and entered into by the plaintiff's intestate, Ida M. Winston, and the defendant, by and through its duly authorized agents, George W. Powell and D. H. Knight, on the 3rd day of March, 1930, wherein the defendant agreed to insure the Plaintiff's intestates life and pay burial expenses of the plaintiff's intestate upon her death when she paid the sum of twenty-five (25¢) per week until her death and that upon the payment of a premium the said contract would take effect immediately. The plaintiff's intestate paid to the said agents of the defendant, on said date —four (4) weeks in advance or One ($1.00) Dollar, and the defendant by its said agents, duly receipted her for said premiums. And the Plaintiff's intestate died after said premiums were paid and during the said four (4) weeks to-wit on the 12th day of March, 1930, and her funeral expenses were in excess of three hundred ($300.00) dollars, and the defendant has had notice of her death, and the defendant refuses to pay said funeral expenses as agreed, all to the damages of the plaintiff's intestate as aforesaid."

Walter J. Price, of Huntsville, for appellee.

This count states a cause of action for the breach of an executory oral agreement to insure, and is not subject to any of the grounds of demurrer assigned. The contract, as stated, contains all the essential elements and terms of the contract and that these terms were agreed upon, so that nothing remained to be done except the issuance and delivery of a formal contract of the company insuring deceased and agreeing to pay funeral expenses of $300 in event of her death. The terms used in the agreement are informal, but are easily understandable.

In Royal Exchange Assurance of London v. Almon, 202 Ala. 374, 80 So. 456; Royal Neighbors of America v. Fortenbery, 214 Ala. 387, 107 So. 846; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175, the distinction is made and pointed out between a policy of insurance as controlled by our statutes and an agreement to insure, the latter of which may be entered into by parol and without the strict formality of the former. Royal Neighbors, etc. v. Fortenbery, supra; Commercial Mut. Ins. Co. v. Union Mut. Ins. Co., 19 How. 318, 15 L. Ed. 636; Peoria Mar., etc., Ins. Co. v. Walser, 22 Ind. 73; Nat. Life Stock Ins. Co. v. Cramer, 63 Ind. App. 211, 114 N. E. 427; Wooten v. Grand United Order of O. F., 176 N. C. 52, 96 S. E. 654; Hardwick v. State Ins. Co., 20 Or. 547, 26 P. 840.

Such agreement may be made, so as to bind the company, by an agent possessing the general authority to solicit insurance, receive premiums and issue and deliver policies, but not by a mere soliciting agent. Sun

SAMFORD, J.

The plaintiff states his cause of action in count 4 of the complaint as follows:

Ins. Co. v. Mitchell, 186 Ala. 420, 65 So. 143. So that the allegation in the complaint that the plaintiff's intestate entered into the contract with the duly authorized agents of defendant, to wit, George W. Powell and D. H. Knight, was sufficient to charge that such agents had the general authority to bind the company and thereby become a question of proof.

■ Being an alleged agreement to insure, the measure of damages, in case of a breach, would be the amount of insurance to be named in the policy when issued. The complaint alleges a breach and that the damage was $300. We think this is sufficiently alleged to meet the grounds of demurrer assigned.

■ Having determined that the complaint states a cause of action for the breach of an agreement to insure, we next turn to the question of proof necessary to sustain the allegations. If there is any evidence tending to sustain the plaintiff's contention, the court did not err in refusing the general affirmative charge. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

■ As to the foregoing paragraph, the only question of moment is as to the authority of the agents Powell and Knight, who, it is alleged, acted for the company in making the contract to insure. Knight was a special agent assisting Powell, so we may dismiss him from further consideration. Powell's agency rested on an appointment by the company based upon a license issued to Powell by the commissioner of insurance of the state of Alabama, in which is included the following:

"I, George H. Thigpen, Superintendent of Insurance for said State, hereby certify that G. W. Powell of Huntsville, Alabama, is a duly appointed agent of the United Burial and Insurance Company, organized under the laws of the State of Alabama and that said agent is duly authorized to take risks and transact the business of Mutual Aid Insurance for said company, during the year 1930, subject to revocation."

The application for this license was sent by defendant to the commissioner, by him returned to defendant and by defendant given to Powell. Powell was instructed by Mr. Howard, vice president of the company, as follows:

"Mr. Howard instructed me as to my duties. He told me that I was to collect on the insurance already in force and solicit new business and write receipts for the money collected by me. He told me to inform an applicant that he was insured when a receipt was written and I so informed them."

The evidence tended to prove that Powell, acting for the defendant, made the contract to insure plaintiff's intestate, as declared upon in the complaint, and received the first four weekly payments on the premium.

Corporations act in dealing with third persons only through agents, and the powers of an agent of an industrial insurance company are governed by the general law of agency. An insurance agent, whether general or special, possesses such powers as have been conferred by the company, or as third persons have a right to assume that he possesses under the circumstances of the case; and as a general rule his powers, as to those dealing with him, are determined by the nature of the business intrusted to him and prima facie coextensive with its requirements. 32 Corpus Juris 1062 (139).

■ In this state an insurance company is bound by all acts, contracts, or representation of its agents, which are within the scope of his real or apparent authority. Fidelity-Phœnix F. Ins. Co. v. Ray, 196 Ala. 425, 72 So. 98; Robinson v. Aetna Ins. Co., 128 Ala. 477, 30 So. 665; Ga. Home Ins. Co. v. Allen, 128 Ala. 451, 30 So. 537; Hartford F. Ins. Co. v. Ollinger, etc., Co., 16 Ala. App. 302, 77 So. 452. Such an agent authorized to "take risks and transact the business of mutual aid insurance for defendant," is a general agent in making contracts of industrial insurance and stands instead of the company to the insured for that purpose. Rivara v. Queen's Ins. Co., 62 Miss. 720; Starr v. Mut. Life Ins. Co., 41 Wash. 228, 83 P. 116; Security Mut. Life Ins. Co. v. Riley, 157 Ala. 553, 47 So. 735.

■ Was Powell such an agent, with real or apparent authority to make contracts of insurance for defendant? We think the evidence was sufficient to make this a jury question.

The foregoing is not to be confused with that class of insurance agents who are mere solicitors, and whose authority ends with the taking of an application to be forwarded to the company to be accepted or rejected by it. The agency here is broader and more comprehensive.

We find no error in the record, and the judgment is affirmed.

Affirmed.