153 So. 279

## NATIONAL LIFE & ACCIDENT INS. CO. v. BAKER.

### 7 Div. 244.

Supreme Court of Alabama.

March 1, 1934.

Rehearing Denied March 22, 1934.

McEniry & McEniry, of Bessemer, for appellant.

Karl Wiegand and L. H. Ellis, both of Columbiana, for appellee.

THOMAS, Justice.

The trial was had on amended count A.

It is averred that on the 7th day of March, 1921, defendant issued a policy of life insurance which was exhibited by the pleading; that "on, to-wit: the first day of July, 1930, at a time when plaintiff was not in arrears with the payment of premiums due by him to the defendant under and for said policy, and *at a time when all premiums on said policy*

*had been paid by him*, the defendant refused to accept further premiums thereon and cancelled said policy, and plaintiff avers that at said time he had paid to the defendant as premiums under said policy the sum of, to-wit: three hundred dollars, and plaintiff sues in this case to recover said premiums paid by him to the defendant on said policy, with interest thereon from the date of the cancellation of said policy." (Italics supplied.)

The defendant pleaded in short by consent.

It is declared in McKee v. Phœnix Insurance Company, 28 Mo. 383, 75 Am. Dec. 129, that "if the insurance company wrongfully determined the contract by refusing to receive a premium when it was due," the assured had the "right to treat the policy as at an end and to recover all the money she had paid under" that contract. The issue whether the policy was in force and that of wrongful determination vel non were submitted to the jury, and the verdict was for plaintiff. 32 C. J. p. 1231; p. 1264, § 464; May on Insurance (3d Ed.) p. 1304, §§ 564, 567.

 There was material conflict in the evidence, or in the reasonable inferences therefrom. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The trial court instructed the jury as follows: "But the question for you to determine here, gentlemen, is this: Has there been a breach of this contract and, if so, who breached the contract? If you find that the plaintiff *had paid his premiums, all that was due*, up to and including the date of the cancellation of this contract, then of course, he has not breached it, if it was breached, it was breached by the defendant; but if you find that the plaintiff failed and refused to pay his premiums due the defendant up to and including the date set out here, and had not paid the premiums according to the terms and conditions of his policy, then, of course, the plaintiff himself breached the contract and would not be entitled to recover in this case. So the only question for you to determine is: Was there a breach of the contract, and, if so, who breached it?" (Italics supplied.)

When the whole of the oral charge is considered, there was no error to reverse in the portion to which exception was reserved. The whole statement of the court on that phase of the case will be taken in its context to illustrate the statement to which the exception is reserved. Kelly v. Hanwick, ante, p. 336, 153 So. 269.

In charging the jury the trial court concluded as follows: "Gentlemen, I might state further here, that if you believe from this evidence that has been presented to you here that the plaintiff failed and refused to pay his premiums, then of course, he could not recover, unless you further find that he has paid all the premiums and had been reinstated and the policy was in force and effect at the time he claims it was cancelled by the defendant."

There was no evidence that if plaintiff's policy had lapsed for nonpayment of premiums there had been a reinstatement. There was evidence that plaintiff did apply for reinstatement, but according to defendant's evidence, no reinstatement was ever granted. The instruction was merely abstract.

 There was evidence tending to show that payments of premiums were made and credit given therefor, otherwise than as provided in the policy. If not paid as required by the contract, the company had the right to proceed as for a breach or nonpayment of dues, if not waived by an agent with authority. United Burial & Ins. Co. v. Collier, 24 Ala. App. 546, 139 So. 104. The witness was allowed to show that he *had paid his premiums regularly the years past.* The latter statement was not prejudicial to defendant under the issues presented. The receipts and notations on cards of plaintiff tended to show payment, or the failure thereof, and plaintiff's assertion of due payment. Under such issues and tendencies of evidence, counsel for plaintiff made the following statement in argument, to which objection was reserved:

" 'The insurance company went along through the years taking his premiums, and then when they wanted to get rid of old Bob they took this away from him, in substance just taking his insurance away from him.'

"To this statement to the jury, counsel for the defendant objected on the grounds, it is prejudicial and is not based on any facts in this case.

"The court overruled the objection and counsel for the defendant, there and then, in open court duly reserved an exception, and also after said ruling made a motion to the Court to declare a mistrial on the grounds that said statement was prejudicial and not based on any facts in this case."

In this action of the trial court there was no error; the statement of counsel was within the evidence, or tendencies of the evidence. The questions of due payments, and improp-

er refusal to receive the payments duly tendered, were questions for the jury.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.