J. H. SANDERS PUBLISHING COMPANY, Respondent, v. LUKE M. EMERSON, Appellant.

St. Louis Court of Appeals, January 21, 1896.

Evidence: COMPETENCY OF REPLY TO LETTER WITHOUT PROOF OF SIG-NATURE. When it has been shown that a letter was mailed to the addressee at his usual place of business or residence, and that another was received in reply thereto, the latter may be received in evidence without proof of signature, there being in such case a *prima facie* presumption that it was written by such addressee or with his authority.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Charles M. Napton* for appellant.

*J. D. Hostetter* for respondent.

ROMBAUER, P. J.—The plaintiff is the publisher of the *Breeder's Gazette*, a journal published in the city of Chicago, and the defendant is a stock breeder whose farm is in the vicinity of Bowling Green, Missouri. The defendant advertised the stock he had for sale in the plaintiff's journal continuously between December 30, 1889, and June 6, 1894, the orders for such advertisements being given exclusively by correspondence. The advertisement was discontinued by defendant's order in June, 1894. The plaintiff thereupon presented to the defendant a bill for a balance it claimed to be due from him, and, upon the defendant's refusal to pay, it brought the present suit before a justice of the peace. On a trial of the cause in the circuit court before a jury, such proceedings were had that the plaintiff recovered judgment for $150.16, which was less than the balance claimed. The defendant appeals, and assigns for error the rulings of the court upon the evidence and instructions.

It was conceded upon the trial that all the items of the account, save one, were correct. The disputed item consisted of a charge for an extra space of three inches which was added to a running advertisement, occupying the space of one inch, between February 14, 1894, and June 6, 1894. The plaintiff contended that this extra space was given to the defendant's standing advertisement by his direction and at his request, whereas the defendant contended that it was inserted without his authority. Which of these contentions was correct was the only matter in dispute.

In order to show that the advertisement was enlarged by the defendant's authority the plaintiff gave in evidence the following correspondence.

*First.* A letter written by it to the defendant, and mailed to his address at Bowling Green under date of February 7, 1894, containing, among other things, the following statement: "We write to ask that you consider the advisability of enlarging your advertisement in the *Gazette*, taking space enough to tell our readers just what you have, as we are satisfied that an attractive announcement of that sort in our columns will make you plenty of money."

*Second.* A letter purporting to be written by the defendant and signed in his name, bearing date Bowling Green, February 9, 1894, beginning with the sentence: "Your favor of the 7th received, and, replying to same, I will say." This letter contained a copy of a proposed advertisement in the *Gazette*, and concluded as follows: "As this is quite a lengthy ad, I expect specially low rate. Use cut in size in proportion to size of ad, and, on receipt of this, quote me price of insertion per issue, month, 3 mos., 6 mos., and year."

*Third.* A letter of the plaintiff addressed to defendant at Bowling Green, bearing date February 12, 1894, in words and figures as follows:

"*Mr. Luke Emerson, Bowling Green, Mo.*

"DEAR SIR:—Yours of the 9th received. We have had your advertisement put in type, including a cut of jack, and will insert it in our issue of this week as per your instructions. The only reason that we had not inserted a cut in your announcement heretofore was that the space you had contracted for would not admit of our using a cut together with the amount of reading matter you wished to have appear in your space. Your new advertisement, as per proof inclosed, occupying four inches of space, two inches double column, will cost you for eight weeks $98.28; thirteen weeks, three months, $141.96; twenty-six weeks,

$207.48; one year, $276.64. See card of rates enclosed. There is no doubt but that it will pay you to carry this space all the year around, but we would suggest that you change the reading matter occasionally, and keep us supplied with something for use in our reading columns. In this way we can keep your advertisement prominently before our readers all the time, and there is no reason why you should not build up a big trade through the *Gazette.* If the small card you have been running in so unattractive a form has proved of benefit to you, this new announcement should prove to be a first-class investment. We shall continue the 'ad' until further notice.

"Yours truly,

(Signed) "J. H. Sanders Pub. Co."

The defendant objected to the letter of February 9, 1894, on the ground that his signature thereto had not been proved. The court overruled this objection, stating it would rule the letter out, if there was a failure to show that it was written by defendant's authority. The defendant complains of this ruling.

A well recognized exception to the rule requiring proof of handwriting is that of letters received in reply to others proved to have been sent to the party at his usual place of business or residence. 1 Greenleaf on Evidence, sec. 573*a*. This rests upon the presumption that letters are delivered to the person to whom addressed, and that the reply was written by him or by his authority. In *Taylor v. Steamboat,* 20 Mo. 254, 260, the presumption was extended to a communication by telegram, and in *Globe Printing Company v. Stahl,* 23 Mo. App. 451, to a communication by telephone. The letter of February 9, 1894, *supra,* was clearly admissible as falling within the rule above stated.

The defendant's next complaint is to the instructions of the court, which submitted the question to the jury for their finding whether the defendant wrote, or authorized to be written, the letters offered in evidence. The plaintiff did not rest on the presumption alone, but, in addition thereto, gave evidence tending to show that the letter of February 9 was written in defendant's name, during his absence, by one Roberts, the salesman of his stables; that said Roberts had authority to receive and open the defendant's mail, and sign his name to communications in reply; that the letter ordering the first advertisement in plaintiff's paper was likewise written by Roberts in defendant's name, and with defendant's knowledge; that, within a few days after the order for the enlarged advertisement was given, the defendant returned home and was informed by Roberts what he had done; that the defendant was a subscriber to the *Breeder's Gazette*, and received it weekly during the entire time while the advertisement appeared therein; that he never advised the plaintiff that the enlarged advertisement was inserted without his authority, and, even in his final order discontinuing the advertisement, simply claimed that he could not afford to further advertise, owing to the times being hard and business dull. It is true the defendant gave evidence tending to show that Roberts had no authority to insert the advertisement in question without his sanction, and that he had never seen it in the paper. The evidence for plaintiff, however, was ample, tending to show both Roberts' original authority, and, in default thereof, the defendant's subsequent ratification of his acts. The defendant's complaint, that the instructions given by the court were unwarranted by the evidence, is, therefore, untenable.

All the judges concurring, the judgment is affirmed.