JAMES A. GUEST, Plaintiff in Error, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Defendant in Error.

Kansas City Court of Appeals, December 5, 1898.

1. **Evidence**: TELEPHONIC CONVERSATION. Conversations over a telephone are admissible in evidence though the voice of the party answering the call was not recognized.

2. **Telephones**: CONVERSATION OVER: PRESUMPTION AS TO ANSWER. When one is connected by telephone wire with a place of business of one with whom he desires to converse and is answered by some one assuming to be such person, it will be presumed that he is such person, but such latter person is not estopped from denying that he was the person making answer over the telephone.

*Error to the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

MILLER BROTHERS for plaintiff in error.

(1) When a person places himself in connection with a telephone in his place of business, he invites communication in that channel. Wolf v. Railway, 97 Mo. 482. (2) Instructions number 1 and 2 are the

law and should have been given. They properly
declare the law and recognize the advancement of
science and modern improvement, and under the evi-
dence should have been given. Thompson on Elec-
tricity, sec. 125; Wolf v. Railway, 97 Mo. 482; Printing
Co. v. Stahl, 23 Mo. App. 451; Mason v. Railroad, 25
Mo. App. 473.

MESSRS. SPENCER & MOSMAN and E. R. SHEETZ
and FRANK SHEETZ for defendant in error.

(1) Instructions 1 and 2 asked by plaintiff in
error were properly refused. There was no evidence
on which to base them. They are not the law.
Number 1 makes the presumption conclusive; num-
ber 2 is on estoppel which was not in the case. The
witness Miller did not know to whom he was talking
over the telephone, and every employee in the station
was sworn, and they all testified that they never
received any such message. The evidence was not
admissible. Morrell v. Lumber Co., 51 Mo. App. 597;
Thompson v. Appleby, 48 Pac. Rep. 934. Presump-
tions do not arise in ordinary business transactions.
Sullivan v. Kuykendall, 56 Am. Rep. 903.

ELLISON, J.—Plaintiff was the owner of a piano
which was destroyed by the burning of defendant's
depot where it was stored preparatory to shipment.
He brought this action for damages and lost his case
in the trial court. His chief complaint relates to the
refusal of two instructions which he offered.

It appears that the piano was in Chillicothe, Mis-
souri, in the hands of plaintiff's agents. That desir-
ing to ship the instrument to Burlington, Iowa, these
agents had it conveyed to the defendant's depot in the

former city by a drayman who delivered it to defendant's agent properly directed but with the statement

<span>EVIDENCE: telephonic conversation.</span> that plaintiff's agents would give shipping orders. There is a telephone system in Chillicothe and the next day, one of the plaintiff's agents (so the evidence tended to show) called the central office over the wire and asked to be connected with defendant's depot. That he was so connected and being answered that he was talking with the agent, he gave orders for the shipment of the piano to Burlington and was answered that it would be done. There was evidence on behalf of defendant tending to prove that no such telephonic communication was made to their agent or his two assistants in charge of the depot. Under this state of the evidence the plaintiff asked the following instruction which was refused:

"If the jury find from the evidence there was a telephonic system in operation in the city of Chillicothe at the time of the delivery of the piano in question at defendant's depot, with instruments in the offices of Miller Brothers and of the defendant's station agent; and that Frank Miller asked to be put in communication with the defendant's agent's office and was told he had been; and that he then inquired if it was the station agent and was answered that it was; and he then gave shipping instructions and was informed the piano would be sent, then the communication, if any, which passed between Miller and the person at the station is competent evidence to be considered by the jury and the person answering at the station was presumptively the agent or some one authorized to answer."

In our opinion the instruction should have been given. The instruction closed with the words: "and plaintiff had a right to rely on them." This was a useless and meaningless clause which did not add to or

substract anything from the meaning and no point is made on it here by either party. We therefore consider the action of the court without reference to such clause.

It was determined by the St. Louis court of appeals, opinion by Thompson, J., in Globe Printing Co. v. Stahl, 23 Mo. App. 451, that conversations over a telephone were admissible in evidence though the voice of the party answering to the call was not recognized. This ruling was followed by the supreme court (though without reference to the case) in Wolfe v. Railway, 97 Mo. 473.

But it will be noticed that the refused instruction contains, at the close, a statement that the person answering to the call of plaintiff's agent was defendant's agent at the depot or some one authorized to answer for him. In view of the cases just cited it was perhaps on account of this that the trial court refused the instruction. We think, however, that the presumption exists and the jury should have been so informed. It is a rule of every day application in and out of court, that a person (even though non-official) performs a duty which is imposed upon him. Lennox v. Harrison, 88 Mo. 496, and authority cited; State ex rel. v. Bank, 120 Mo. 161. So when plaintiff's agent asked the central station of the telephone company to connect him with the defendant's agent at the depot and he answered that he would and had done so, we must presume that he performed such duty.

We are, therefore, brought to the question for decision, whether when one is connected by telephone wire with the place of business of one with whom he desires to converse and is answered by some one assuming to be such person, it will not be presumed that he

is such person.  We think such presumption ought to be allowed.  If a letter is properly stamped, directed and deposited in the postoffice it is presumed to have been received by the party to whom addressed.  And such presumption may sometimes overcome a denial of receipt by the party addressed.  Many illustrations, if it were necessary, might be given, as for instance identity of name is *prima facie* identity of person. But for a partial enumeration of these see Globe Printing Co. v. Stahl, *supra*, and Taylor v. Steamboat, 20 Mo. 254.

The other instruction refused was like the one just discussed except that it asserted that the defendant was estopped from denying that the person making such answer over the telephone was its agent.  In other words, it asserted the proposition that defendant was responsible for the utterance of a cheat or imposter if made over its telephone.  It was properly refused.

The instructions for defendant are not objectionable and were properly given, but for the error above noticed the judgment will be reversed and the cause remanded.  All concur.