J. W. KINDER, Respondent, v. GEO. POPE, Appellant.

Kansas City Court of Appeals, May 16, 1904.

1. **REAL ESTATE BROKER: Employment: Commissions.** Where letters between a broker and landowner show the latter's knowledge and recognition of the fact that the broker is endeavor to sell his land, for him there arises an implied promise to pay the broker a reasonable compensation upon the sale.

2. ———: **Commissions: Procuring Cause: Jury: Evidence.** The evidence amply supported the finding that the broker was the procuring cause of the sale.

3. ———: **Authority to Sell: Letters Signed by Agent.** Where a landowner's name is signed to letters by another and show on their face they are answers to the broker's letters, the presumption arises that the party signing the letters had authority so to do, especially where the landowner himself introduces in evidence letters so signed.

4. ———: **Instructions: Double Liability.** An instruction submitting only one side of the case and closing the door on the other side, is properly refused. Liability to one does not necessarily prevent liability to another in the same cause.

5. **TRIAL PRACTICE: Misconduct of Counsel: Motion for New Trial: Bill of Exceptions.** Where the bill of exceptions fails to show the words the use of which is alleged to be misconduct of the counsel, the mere recital of such words in a motion for a new trial is no evidence that they were used.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*Thurman, Wray & Timmonds* for appellant.

(1)    All the letters introduced by plaintiff, and relied upon by him, to establish a contract between him

and defendant to sell defendant's land, were not signed, authorized or dictated by defendant, but were all signed "George Pope, by R. H. Meade." There is nothing in the evidence to show who R. H. Meade is; no agency is shown to exist between defendant and R. H. Meade, and the acts and admissions of Meade are in no way binding on defendant. Iron Co. v. Halverson, 48 Mo. App. 383; Crothers v. Acock, 43 Mo. App. 318; Peck v. Ritchey, 66 Mo. 114; Carson v. Cummings, 69 Mo. 325; Farrar v. Kramer, 5 Mo. App. 167. (2) Inasmuch as the letters written by R. H. Meade are not admissible, the letters of plaintiff to defendant are merely self-serving statements of plaintiff, and their admission can not be justified on the theory that they are a part of the correspondence between plaintiff and defendant, as there is no correspondence between them, except the self-serving letters of plaintiff, and self-serving statements are incompetent. McLean v. Rutherford, 8 Mo. 109; Hambright v. Brockman, 59 Mo. 52. (3) The undisputed evidence clearly shows that the attention of Burns, the purchaser, was called to defendant's land by J. J. Smith, and through Smith's efforts and exertions Burns went to look at the land; Burns closed the deal with Smith as agent of defendant; plaintiff merely showed the land to the purchaser after the purchaser had reached the land. Smith had been employed by defendant to sell his land. Smith unquestionably was the efficient and procuring cause of the sale, and, under the well-settled rule of this State, is entitled to the commission. Wright v. Brown, 68 Mo. App. 577; Crone v. Trust Co., 85 Mo. App. 601. (4) As it is the well-settled law of this State that, if property is placed in the hands of a real estate agent for sale, and a sale is brought about through the exertions of the agent, he is entitled to commission, although the sale is concluded by another agent. Brennan v. Roach, 47 Mo. App. 290. (5) While we insist that it is clear that this case, under the testimony, should not have been submitted to the

jury, yet since it was so submitted defendant's instructions Nos. 2, 3 and 4 should have been given, and the instructions Nos. A and B, given by the court of its own motion, should not have been given. The defendant's instructions outlined and defined what was a "procuring cause" in this case, while the court's instructions simply used the expression, "procuring cause," and left the jury unguided on this important phase of a case of this character; the court's instructions, by using the abstract phrase, "procuring cause," left the jury to adopt intermeddling, hospitality, puffing the land or other immaterial acts as a "procuring cause." The defendant was entitled to have the jury directed in this matter.

*Cole, Burnett & Moore* for respondent.

(1) Each and every one of the letters was a reply to a letter sent by Kinder to Pope, received in the usual course of mail, and was admissible as such, without any proof of signature or handwriting. Taylor v. Steamboat Robert Campbell, 20 Mo. 260; Printing Co. v. Stahl, 23 Mo. App. 458; Kloes v. Wurmser, 34 Mo. App. 454; Publishing Co. v. Emerson, 64 Mo. App. 665; Guest v. Railroad, 77 Mo. App. 261; 1 Greenleaf on Evidence (14 Ed.), sec. 573a, p. 669. (2) In the next place, appellant is not in a position to insist upon this point. After demurring to plaintiff's case, he gravely proceeded to offer in evidence several letters on Pope's Virginia letter head and signed "George Pope by R. H. Meade," identically the same as the others. Storch v. Masker, 55 Mo. App. 31; Kerr v. Cusenbary, 60 Mo. App. 560; Stove Co. v. Spear, 65 Mo. App. 92.; Weber v. Railway, 100 Mo. 206; Crabtree v. Vanhoozier, 53 Mo. App. 410; State v. Dettmer, 124 Mo. 433. (3) And either court or jury can easily find implied authority, both in the correspondence and in defendant's silent acquiescence with knowledge of plaintiff's efforts.

Kerr v. Cusenbary, 60 Mo. App. 562; Moore v. Renick, 95 Mo. App. 207; Painter v. Ritchey, 43 Mo. App. 113; Sprague v. Sea, 152 Mo. 332; Sidway v. Stock Co., 163 Mo. 385. (4) Frequently in the cases there is a dispute between agents as to which was the procuring cause, and it is for the jury "to say whether or not the respondent was the procuring cause of the sale, and its finding will not be disturbed by this court on appeal where there is any evidence to support it." Crone v. Trust Co., 85 Mo. App. 607. (5) If Kinder's "efforts" or "exertions" brought about the sale he earned his money. It is not at all necessary that he should have been the "original discoverer" of Burns as a purchaser (although as a matter of fact he was). Stinde v. Blesch, 42. Mo. App. 580; Jones v. Berry, 37 Mo. App. 127; Crowley v. Somerville, 70 Mo. App. 378; Ramsey v. West, 31 Mo. App. 687; Pollard v. Banks, 67 Mo. App. 189. (6) Appellant's refused instructions comment on the evidence; the instructions given by the court cover the case and are amply justified by the decisions. It is not customary to define "procuring cause." Tyler v. Parr, 52 Mo. 250; Gaty v. Sack, 19 Mo. App. 476; Jones v. Berry, 37 Mo. App. 129; Hiemenz v. Goerger, 51 Mo. App. 589; Wagner v. Edison Co., 82 Mo. App. 295.

ELLISON, J.—Plaintiff instituted this action to recover a commission for the sale of real estate. He prevailed in the trial court. It appears that defendant is a non-resident of this State and that he owned a tract of land in Barton county which he was willing to sell for $10,000 cash. Plaintiff had the land rented at one time, and so had a man named Smith. The evidence tends to show that plaintiff had authorized each of these to sell the property and that each had made some effort with different prospective purchasers. But Smith's relation to the land and the parties to the controversy is merely a part of the history of the case, since what he did does not necessarily affect the character

of plaintiff's demand. Neither plaintiff nor Smith ever saw the defendant and their connection with him comes from correspondence.

There is no room for two opinions in relation to plaintiff's authority from defendant to sell at the price named. Plaintiff's letters to defendant and the latter's answers show conclusively that he knew of and recognized that plaintiff was endeavoring to sell the land for him. This raised an implied promise to pay him reasonable compensation for such service, if a sale should result through his effort.

The only question of any doubt in the case is as to plaintiff being the procuring cause of the sale. That was a question peculiarly for the jury. The instructions given by the court are unexceptionable and we accept the conclusion of the jury as binding on us, supported as it is by ample testimony. For, certainly, if the testimony in plaintiff's behalf is to be believed, there is no ground for declaring the verdict to be against the evidence.

But it is claimed the letters to plaintiff were not written by defendant, nor by his authority. They were signed with defendant's name by one purporting to be his agent; thus, "George Pope, by R. H. Meade." They showed on their face that they were answers to letters which plaintiff had written to defendant; in such case the presumption arises of authority in the agent. Taylor v. Steamboat Robert Campbell, 20 Mo. 259, 260; Globe Printing Co. v. Stahl, 23 Mo. App. 453-4, 458; Kloes v. Wurmser, 34 Mo. App. 454, 456; Publishing Co. v. Emerson, 64 Mo. App. 665; Guest v. Railway, 77 Mo. App. 261-2; 1 Greenleaf on Evid. (14 Ed.), sec. 573a, 669. Aside from that consideration, defendant himself introduced several letters signed in the same way, and thus he has vouched for the authority of Meade.

As already stated, there is no ground for criticism of the instructions given by the court; nor is there any

error in refusing those offered by defendant. They merely submitted a theory of defendant, and either directly or inferentially closed the door on plaintiff's theory. It may be (we can not know) that defendant may have so dealt with plaintiff and Smith as to lay himself liable to both. We only refer to this for the reason that it is suggested in brief of counsel. But it must occur to any one that a liability to one does not, *necessarily*, prevent liability attaching for the service of another in the same cause, or service.

Objection is made in the motion for new trial to remarks of counsel in his argument to the jury. The bill of exceptions does not show the words said to have been used. The mere recital in the motion for new trial is no evidence that they were used.

The action of the court being in every respect proper and there being ample evidence to sustain the verdict we must affirm the judgment. All concur.