BERNARD J. SHONINGER *et al.*, Appellants, v. JOHN C. DAY, Respondent.

St. Louis Court of Appeals, March 12, 1895.

**Practice, Appellate**: RES ADJUDICATA.  The trial court can not be put in the wrong in refusing an instruction, when, in so doing, it but follows the rulings of this court on a prior appeal of the cause.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*James R. Vaughan* and *Vint N. Bray* for appellants.

*Hefferman & Buckley* for respondent.

BOND, J.—This is the second appeal in this case. (53 Mo. App. 147.)  The evidence is substantially the same as on the former trial.  On the present trial the court, sitting as a jury, made the following finding of facts:

"Plaintiff sold the goods in controversy to the Springfield Dry Goods and Clothing Company on credit.  Said last named company was at the time, and ever afterward, insolvent.  The goods arrived at the depot in Springfield, Missouri, and one M. M. Johnson, engaged in a general transfer business, who had a general order from said Springfield Dry Goods and Clothing Company to transfer all goods consigned to them to their place of business, paid the freight on said goods, receipted for them on the books of the railway company, as was his custom in all cases, and transferred them to the store of the consignee, where they were refused by the general manager.  They were then

taken back by Johnson to the depot, and remained there till attached by defendant under proper process against the Dry Goods and Clothing Company. The attaching creditors then paid the freight on the goods to the railroad company, who reimbursed Johnson. The goods were then taken out of defendant's possession by process under this suit.''

Judgment was given for defendant. No declarations of law were given for defendant. Three declarations of law requested by appellants were given, and all others refused.

The theory upon which the case was tried was in accordance with the views expressed by this court on the former appeal. Instruction number 14, requested by plaintiffs on the present trial and refused by the court, is to wit:

''That before a delivery to an agent can be held to be an actual delivery to the buyer, such delivery must be to some one authorized to act with reference to the goods otherwise than as a forwarder for the buyer, and that, if the court finds from the evidence in this case M. M. Johnson was engaged in the transfer business in Springfield, Missouri, and was not in the employ of the said Springfield Dry Goods and Clothing Company, and that the railroad companies doing business in Springfield, Missouri, and having depots for the reception and delivery of goods, were instructed by the said Springfield Dry Goods and Clothing Company to let Johnson have their freight and he was to receive and haul their goods to the said company's place of business, and had no other authority, then, delivery of the said goods to Johnson was not a delivery to the said Springfield Dry Goods and Clothing Company.''

The refusal of this instruction is the ''chief error'' assigned by appellants. A comparison of this instruction with the one set out in *O'Neal v. Day*, 53 Mo. App.

*loc. cit.* 144, shows a very slight literal difference between the two in no way altering the sense or legal effect.    It was expressly held in the case last cited that the instruction therein quoted, which is substantially the same as the one under consideration, was erroneous for the reasons there given.    It follows that the trial court did not err in refusing to give the present instruction on a retrial of the case under an opinion applying to it the doctrine condemning a similar instruction. *Shoninger v. Day*, 53 Mo. App. 144; *Bank v. Taylor*, 62 Mo. 338.    This assignment of error must, therefore, be overruled.

Appellants complain of the refusal of ten other declarations of law.    Upon a careful examination of them it appears that they were either unsupported by the evidence, or were embraced in those given for appellants.    Hence there was no error in their refusal. The result is that the judgment will be affirmed.    All concur.