Chemical Co. v. Lackawana Line.

FILING of second information, effect of.

It is so ordered. All concur.

---

HERF & FRERICHS CHEMICAL COMPANY, Respondent, v. LACKAWANA LINE, Appellant.

St. Louis Court of Appeals, April 7, 1897.

1. **Pleading**: DEPARTURE: PRACTICE: WAIVER. New matter in a reply, which constitutes a defense to new matter in the answer, not inconsistent with the petition, is not a departure; and if it were, could be taken advantage of only by special demurrer or motion to strike out, and a failure to do either before going to trial is a waiver of the objection.

2. **Common Carrier**: CONTRACT OF SHIPMENT: LEX LOCI CONTRACTUS: ARRIVAL OF GOODS ON TIME: NOTICE. A contract of shipment, made in Missouri, between a resident corporation having an office and doing business in the state, is governed by the laws of the state, under which no notice to consignees of the arrival of goods, shipped by railway, is required, where the shipment arrives at the point of destination on time.

3. ———: ———: NOTICE OF ARRIVAL: USAGE: LIABILITY OF CARRIER. But, where the contract of shipment does not in terms state that notice of the arrival of the goods shall not be given, a usage of the place to which the goods are consigned, requiring such notice to be given, is binding upon the carrier; and such usage is not dispensed with by a requirement that the consignee shall call for the goods on the day of their arrival.

4. ———: ———: ARRIVAL OF GOODS ON TIME: LIABILITY AS WAREHOUSEMAN: NOTICE OF ARRIVAL: RISK. The liability of the common carrier as the insurer of goods terminates, and its liability as warehouseman begins, on the arrival of the goods on time, and the consignor's right to recover for a loss of the goods, if any, depends upon a breach of the carrier's contract to deliver, not to carry, the goods after arrival; and where notice of arrival is given to the consignee, the risk, after such notice and a reasonable time thereafter for the consignee to call for the goods, is that of the owner, and not of the carrier.

5. ———: ———: ———: NOTICE OF ARRIVAL: USAGE: INSTRUCTION. In an action by a resident corporation against a corporation having an office and doing business in this state, for failure to carry and deliver goods consigned to parties in New York city under a special contract of shipment, where the goods arrived on time, and no notice , by messenger, as required by a usage of said city, was given of their arrival, but notice was given to the consignees a few days thereafter, an instruction to the jury that if defendant failed to deliver notice as required by such custom, it was liable, was erroneous.

6. Instruction. So, also, was an instruction erroneous which told the jury if defendant failed to deliver the goods on demand it was liable, where there was no evidence of a demand for the goods where they were and could have been delivered.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED; all the judges concurring, Judge BOND in the result.

*George S. Grover* for appellant.

The reply is a departure from the cause of action stated in the petition, and defendant's motion to strike it out should have been sustained. Stephen on Pl. 354; Gould's Pl. 28; 1 Bouv. Law Dict., 460; R. S. Mo. 1889, sec. 2052, p. 543; *State v. Grimsley*, 19 Mo.

177; *Mortland v. Holton*, 44 Mo. 64; *Philibert v. Burch*, 4 Mo. App. 470; *Magruder v. Admire*, *Id.* 133; *Suman v. Ireman*, 3 *Id.* 596; *Hill v. Mining Co.*, 119 Mo. 9; *Lanitz v. King*, 93 *Id.* 513; *Mohney v. Reed*, 40 *Id.* 99; Edwards on Bail, secs. 333, 532; Story on Bail, secs. 444, 488; Schouler on Bail, pp. 298, 299; *Davis v. R'y*, 89 Mo. 349, 350; *Witting v. R'y*, 101 *Id.* 640; *Rice v. R'y*, 63 *Id.* 318; *Gashweiler v. R'y*, 83 *Id.* 112, 119, 121; *Holtzclaw v. Duff*, 27 *Id.* 392; *Rankin v. R. R.*, 55 *Id.* 167, 171; *Stanard Co. v. Transit Co.*, 122 *Id.* 258; *Pindell v. R'y*, 34 Mo. App. 683.

Defendant never undertook to do anything more than to transport the goods to New York on time, and there deliver them to consignees, when called for by them, during business hours, on the day of arrival at their destination; and the custom of sending notices of such arrival was entirely immaterial. So was the request to trace the goods, which was a responsibility defendant never assumed. *Kimball v. Bruner*, 47 Mo. 399; *Wolff v. Campbell*, 110 Mo. 119; *Bank v. R'y*, 33 S. W. Rep. 521; *O'Bryan v. Kinney*, 74 Mo. 125; *R. R. v. Cleary*, 77 *Id.* 634.

This action can not be maintained against defendant, as a carrier, for a breach of duty as a warehouseman. The two degrees of bailment are separate and distinct, and should have been separately stated. *Rankin v. R. R.*, 55 Mo. 167; *Gashweiler v. R. R.*, 83 Mo. 112; *Pindell v. R. R.*, 34 Mo. App. 683; *Milling Co. v. White Line*, 122 Mo. 258; *Frank v. R. R.*, 57 Mo. App. 186; *State v. Gritzner*, 36 S. W. Rep. 41; *Corcoran v. R'y*, 105 Mo. 406; *Waldheier v. R'y*, 71 *Id.* 514; *Eden v. R'y*, 72 *Id.* 212; *Price v. R'y*, *Id.* 414; *Larson v. R'y*, 110 Mo. 254.

The court gave improper instructions at plaintiff's request. See authorities, *supra; Ely v. R. R.*, 77 Mo. 36; *Haynes v. Trenton*, 108 Mo. 132.

Upon the undisputed facts of this case, the finding and judgment should have been for defendant. Authorities *supra;* Hutch. on Car. [2 Ed.], sec. 216a.

*Nagel & Kirby* for respondent.

The petition, not having set out the special contract of shipment, must be considered as "sounding in tort." *Clark v. R'y*, 64 Mo. 440; *Heil v. R'y*, 16 Mo. App. 363, at 367.

The reply is not a departure. The new matter pleaded constitutes a defense to the new matter in the answer, and is not inconsistent with the petition. R. S. Mo. 1889, sec. 2052; *Craven v. Gilliam*, 73 Mo., at 528; *Anchinloss v. Frank*, 17 Mo. App. 41; 1 Chit. Pl. 677; *Mortland v. Holton*, 44 Mo. 58.

Even if the allegation of new matter in the reply had been a departure, defendant has waived it by not demurring specially or moving to strike out the portion objected to. *Sayer v. Devore*, 99 Mo. 437; *Roberts v. Walker*, 82 Mo. 200; R. S. Mo. 1889, sec. 2047; *Mortland v. Holton*, 44 Mo., at 64. See, also, 1 Chit. Pl. 678, 679; *Philibert v. Burch*, 4 Mo. App. 470–473; *Magruder v. Admire, Id.* 133; *Paxon v. Talmage*, 87 Mo. 13, at 16; *New v. Wambach*, 42 Ind. 456; *Kinney v. Miller*, 25 Mo. 576, at 579; *Authenreith v. R'y*, 36 Mo. App. 254, at 259; *State ex rel. v. Rogers*, 79 Mo. 283.

A general preliminary objection to testimony can not be limited to certain portions only of a pleading which contains but one count; it is only available where the entire count is objectionable, as not stating facts sufficient to constitute a complaint or defense. *Donaldson v. Butler Co.*, 98 Mo. 163, at 166; *Sayer v. Devore*, 99 *Id.* 437; *Roberts v. Walker*, 82 *Id.* 200; *Grove v. City of Kansas*, 75 *Id.* 672; *Elfrank v. Seiler*, 54 *Id.* 134.

It was the duty of defendant, as either carrier or warehouseman, to deliver the subject of bailment when demanded. *Pindell v. R. R.*, 34 Mo. App. 675, 684, 685; Hutch. on Car. [2 Ed.], sec. 367, p. 434; Ray. Neg. Frt. Car., p. 887; *McEvers v. S. S. Sangamon*, 22 Mo. 187.

It assumed this duty by the original contract of carriage. The change in the measure of defendant's liability by reason of its changed relation from carrier to warehouseman did not terminate all its liability under the contract, nor did a breach of its duty, as warehouseman, to deliver, constitute a new or different cause of action than that sued on. *Burnell v. R. R.*, 6 Am. Rep. 61–64; Hutch. on Car., sec. 712; Ray. Neg. Frt. Car., sec. 1002; *Wilson v. R. R.*, 94 Cal. 166–169; *Fairfay v. R. R.*, 67 N. Y. 11; *Armstrong v. R'y*, 47 N. W. Rep. 459; *R'y v. Dodd*, 27 S. W. Rep. (Ark.) 227.

The custom of delivery existing at the point of destination is binding upon defendant in this case. Bish. on Con., sec. 449; *Frank v. R. R.*, 57 Mo. App. 186.

Doubtful expressions, limiting its liability, ought to be taken most strongly against the carrier, and in no event can it, as carrier, stipulate against liability for its own negligence. *Stanard v. Transit Co.*, 122 Mo. 258–272.

Defendant's unexplained refusal and failure on demand made, to deliver the goods in its possession to consignees, makes it absolutely liable. *R. R. v. Kelly*, 91 Tenn. 699; *R. R. v. Moyer*, 40 Kan. 184; 28 Am. & Eng. Ency. Law, 657; *R. R. v. Little*, 12 Am. & Eng. R. R. Cas. 37, at 39; *Canfield v. R. R.*, 16 *Id.* 152; *R. R. v. Wimberly*, 75 Ga. 316, 319; *Beardslee v. Richardson*, 11 Wend. 25.

REPLY OF APPELLANT.

The custom pleaded was not universal, and could not bind defendant. *Walsh v. Transportation Co.*, 52 Mo. 434; *Boyd v. Graham*, 5 Mo. App. 403.

After the goods were stored, the entire responsibility of defendant therefor, whether as warehouseman or carrier, ceased, and it became simply a gratuitous bailee. *Plow Co. v. R'y Co.*, 61 Mo. App. 375, and citations.

BLAND, P. J.—The petition alleges that on September 24, 1890, it (a corporation), delivered to defendant (a common carrier of freight operating a line or lines of railroad between St. Louis and New York), at St. Louis, and defendant accepted and agreed to carry and deliver one case of chemicals to be transported to New York, and there delivered to Schoellkopf, Hartford & Maclagan, and the failure on the part of appellant to carry and deliver said freight, as per its agreement.

The answer was, *first*, a general denial, and, *second*, a plea of special contract and compliance on its part. The clause of the special contract pleaded material to this case, is as follows: · "That freight carried by these companies must be removed from the station during business hours on the day of its arrival, or it will be stored at the owner's risk and expense, and in the event of its destruction or damage from any cause, while in the depot of any company, that the company shall not be liable to pay any damage therefor."

A reply was filed, in which the special contract pleaded in the answer was admitted, and it was also admitted that defendant transmitted the freight to New York, but did not admit that it arrived on time. Denied that the freight was uncalled for, alleges a gen-

erally established custom in New York, that terminal carriers delivering shipments in New York, upon their arrival there, notified consignees of such arrival and of the location of the goods. That this custom prevailed in a certain district in the city of New York, and that the consignees of the freight shipped in this instance did business within the district where the custom was established; and also that it was the custom of the D. L. & W. R. R. Co., appellant's terminal line, to give such notice of the arrival of freight at any of its terminals in New York City. That appellant failed to give any such notice in this instance. The reply further pleaded affirmatively that on November 13, 1890, plaintiff requested defendant to trace and locate the shipment, which it failed to do, and so continued to do for a period of eight months after the arrival of the goods in New York, during all of which time the property was in defendant's possession and by the exercise of reasonable care could have been found and delivered to the consignees. That said goods were of a perishable nature and became worthless and unsalable while in defendant's possession.

On the trial appellant objected to the introduction of any evidence supporting or tending to support the averments of new matter contained in the reply, on the ground that the reply was a departure PLEADING: de-parture: prac-tice: waiver. from the petition, and stated a separate and distinct cause of action. This objection was overruled. This ruling is assigned as ground of error here. The reply was not a departure under our practice act, but even if it were the only way of taking advantage of it was, by special demurrer or motion to strike out. The appellant by going to trial without doing either waived the objection. *Scovill v. Glasner*, 79 Mo. 449; *Spurlock v. Railroad*, 93 Mo. 537; *Ibid.*, 104 Mo. 658; *Gelatt v. Ridge*, 117 Mo. *loc.*

*cit.* 562; *Philibert v. Burch*, 4 Mo. App. 470; *Mortland v. Holton*, 44 Mo. *loc. cit.* 64. The facts admitted on the trial, and the testimony introduced, made out this state of facts: That the case of chemicals arrived in New York at pier 19, one of defendant's terminals, on October 4 or 6 on time; that the goods were not called for at that place on the day of their arrival or at any other time by the consignees; that the invoice of the goods and bill of lading was received by the consignees some time in September; that no effort was made by them or the owner to locate the goods until about November 13, following; that it was the custom of defendant's road and other railroads terminating in New York City to send notice of the arrival of shipments, by a messenger, to parties in the district of the city in which the consignees were doing business. Appellants gave testimony that notice of the arrival of this shipment was mailed to the consignees in a few days after its arrival. Respondent gave testimony tending to prove that no such notice was received by them. On November 13, and at divers times after that date, respondent asked appellant to trace and locate the goods. It was admitted that appellant could have traced and located the goods at any time after their arrival within ten days or two weeks' time. On December 24, 1890, the goods were stored in the appellant's warehouse at Hoboken, in the state of New Jersey, and on the twenty-second of October, 1891, were sold by appellant for freight and warehouse charges. On February 1, 1891, the shipment was duplicated by the respondents. The appellant discharged freight in New York City at two points, pier 19 and pier 20. The respondents' consignees at no time called for the case of chemicals at either of these points, and at no time demanded delivery at either of these points. They did call at one time at the office of the D. L. & W. R. R. Company in the

city of New York, where claims are made for lost and uncalled-for freight, and were told that the case could not be found.

The obligation of the respondent under the special contract, was to carry the shipment through to New York, and there deliver it to the consignees. The first of these undertakings it performed. The latter (the delivery) was never performed, and the appellant is liable for its failure to deliver, unless it is excused from the performance of this part of its contract by reason of the laches of the consignees or consignor. The contract of shipment provided that the freight should be removed from the station during business hours, on the day of its arrival, otherwise it would be stored at the owner's risk. No notice to the consignees of the arrival of goods, shipped by railway, is required under the laws of Missouri, where the shipment arrives on time. *Gashweiler v. R. R.*, 83 Mo. 119, and authorities cited. The contract of shipment was made in Missouri, between a resident corporation of Missouri, and a corporation having an office and doing business in Missouri, and is governed by the laws of Missouri. *Gunter v. Bennett*, 39 Tex. 303; *Robinson v. Merchants Dispatch Co.*, 45 Iowa, 470; *Pennsylvania Co. v. Fairchild*, 99 Ill. 260; *First National Bank v. Shaw*, 61 N. Y. However, should a usage become established at any locality in Missouri, and be uniformly observed by railway companies, to give notice of the arrival of freight to consignees at such locality, the usage, notwithstanding the general rule dispensing with notice, would be an exception to the general rule, and the carrier would be required to give the notice in order to relieve itself of negligence in the event of loss of or damage to the freight while in its

*Margin notes:*

COMMON carrier: contract of shipment: lex loci contractus: arrival of goods on time: notice.

NOTICE of arrival of goods: usage: liability of carrier.

possession as warehouse-keeper. *Pindell v. R'y*, 34 Mo. App. 683; *Frank v. R'y*, 57 Mo. App. 186. It is admitted that such a usage was uniformly observed in New York City by railways entering that city, and by the D. L. & W. R. R. Company, the appellant's terminal line. This usage was binding upon the appellant, unless its observance was dispensed with by the special contract of shipment made in this case. The contract nowhere in terms states that notice of arrival of the goods should not be given. Nor does the requirement that the consignee should call for the goods on the day of their arrival, as contended for by the appellant, dispense with an observance of the usage, but on the contrary makes its observance the more necessary, in order that the consignee might be able to make a timely call and comply with this requirement of the contract. The liability of appellant as insurer of the goods terminated, and its liability as warehouse-keeper began, on the arrival of the goods at the city of New York on time, and the respondent's right to recover, if ARRIVAL of goods on time: liability of carrier as warehouseman. any it has, is dependent upon a breach of appellant's contract, not to carry, but to deliver, the goods after arrival. No notice by messenger, as was the usage in New York City, of the arrival of the goods was given; but if, as the testimony tends to show, notice of the arrival of the goods was given the consignees a few days after arrival, the risk, after such notice and a reasonable time thereafter for the consignee to call for the goods, was that of the owner and not of appellant, and he must stand the loss. If on the other hand no notice was given of the arrival of the goods at any time, and by reason of the failure to give such notice the owner and consignee believed the goods to be lost, and acting upon this belief made inquiry for the goods and asked the appellant to trace and locate the goods, which the appellant failed and

refused to do, such request and failure should be treated as equivalent to demand for the goods and refusal to deliver, and the appellant should make good the loss. The call made by Maclagan, a member of the firm to whom the goods were consigned, at the office of D. L. & W. R. R. in the city of New York, where claims were made for lost freight, in February, 1891, and after the shipment had been duplicated, and his offer then to pay the charges and take the goods under protest, was not a demand of the goods at the place where the goods were stored, nor from an agent who had them in charge; and made at a time when, from the evidence, the goods had, perhaps, become worthless, served in nowise to relieve the consignees of their negligence to have called for the goods in proper time, after they had been notified of the arrival of the goods, if such notice had been given. On the other hand if no such notice had been given the liability of the appellant, as has already been seen, was fixed, and the only effect of this evidence was to strengthen the theory of respondent that the goods had been lost.

Instruction number 2 given for the plaintiff told the jury in effect that if defendant failed to deliver notice as required by the New York custom, they should find for plaintiff. As the custom was to

NOTICE of arrival of goods: usage: instruction.

deliver notice by messenger the jury must have understood the instruction to mean that if defendant failed to deliver notice of the arrival of the goods, by messenger, it was liable for the loss. This was error. Instruction number 3 for plaintiff instructed the jury if defendant failed to deliver the goods on demand it was liable. As there was no evidence of a demand having been made for the goods at the place where they were and could have been delivered, this instruction was also erroneous.

If, before any deterioration had taken place in the

value of the goods, the D. L. &. W. R. R. Company gave notice to the consignee of the arrival of the goods and of the place where it would deliver them upon call and payment of charges, the risk of, and loss by, deterioration was the owner's thereafter, and the jury should have been so instructed.

For error in declarations of law as given by the trial court, the judgment is reversed and the cause remanded. It is so ordered. All concur; Judge BOND in the result.