# HERF & FRERICHS CHEMICAL COMPANY, Appellant, v. LACKAWANNA LINE, Respondent.

### St. Louis Court of Appeals, November 20, 1900.

1. Corporation: NOTICE: CUSTOM: PRESUMPTION.. In the case at bar plaintiff is a corporation and transacts its business through its officers and agents. Its uniform custom was to have delivered to Maclagan, or in his absence to Hartford, all notices of the arrival of shipments consigned to it. No other officer, agent or employee was authorized to receive such notices. From this custom in the transaction of its business, the legal and logical presumption is that had a notice of the arrival of the shipment been given to plaintiff, it would have been received either by Maclagan or Hartford.

2. ———: ———: ———: EVIDENCE. This presumption in connection with the evidence that no notice was found among the plaintiff's files, where it should have been, if received, furnishes at least *prima facie* evidence that no such notice was given, and the plaintiff was not required to enter the field of conjecture and to produce as a witness every person into whose hands the notice might by some possibility have been delivered, to deny that he had received it.

3. Jury: PRACTICE, TRIAL: EVIDENCE: INSTRUCTION. Where evidence has some inferential potency it should be submitted to the jury with appropriate instructions.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

*Nagel & Kirby* for appellant.

Proof of the fact that no notices were received, operating through the well-known presumption of ordinary course

of mails, showed that no postal notices had been sent by defendant. 19 Am. and Eng. Ency. of Law, p. 80; McFarland v. Accident Ass'n, 124 Mo. 219; State v. Gritzner, 134 Mo. 523.

*Geo. S. Grover* for respondent.

The evidence introduced at the fourth trial did not warrant the submission of the case to the jury. Chemical Co. v. Lackawanna Line, 78 Mo. App. 311.

BLAND, P. J.—This is the third appeal in this case. The judgment on the first appeal was reversed on account of erroneous instructions given at the instance of the plaintiff (70 Mo. App. 274). On the second appeal the judgment was reversed because this court held that there was no substantial evidence that the defendant had failed to give notice of the arrival of the shipment, as required by the custom of New York (78 Mo. App. 305). At the close of plaintiff's evidence on the last trial, the court gave a peremptory instruction to the jury to find the issues for the defendant, on the ground that plaintiff had failed to adduce any evidence tending to prove that *no* notice of the arrival of the shipment had been given. Plaintiff took a nonsuit with leave. Its motion to set aside the nonsuit proved unavailing, and it appealed.

The evidence on this, as on the former trials of the cause, establish that it is the custom of defendant and other carriers on the arrival of goods at New York to send a messenger on the day or the day after the arrival of the shipment with notice thereof to the consignee. If this was not heeded, it was followed by notice through the mail at intervals from several days to several weeks. At the trial from

which the second appeal was taken, the person who received notices and the mail that came to the plaintiff's place of business in New York, testified that he had no knowledge of receiving any notice of arrival of the shipment, and that it was the uniform custom of the plaintiff to file all notices received by it, whether delivered by hand or through the mail; that search had been made of the plaintiff's files, and that no notice of the shipment could be found. On that trial, plaintiff to prove that no notice of the arrival of the shipment had been given, relied on proof that it uniformly kept files of all notices and mail received by it, and that on a diligent search of these files no notice of the arrival of the shipment was found. We held that from this proof the logical inference was that no such notice had been filed by the plaintiff, but that the further inference that no such notice had been received was not deducible. To fill up the hiatus in its proof—that no notice of the arrival of the shipment had been given—plaintiff re-took the deposition of some of its New York witnesses. These witnesses, in addition to the testimony given on the former trials as to the custom uniformly observed by the plaintiff to safely and carefully file all the notices and mail received by it relating to the arrival of shipments, etc., and of the search that had been made for notice of the arrival of the shipment, and of the fact that no such notice could be found, testified substantially, that George Maclagan received all notices and all mail that was delivered to the plaintiff, and looked after all shipments of goods made to or by it, and that no other officer, agent or employee of the plaintiff was authorized to receive notices or mail directed to the plaintiff, but on the contrary were positively prohibited from doing so, except James Hartford, who received notices and mail in the absence of Maclagan from plaintiff's place of business. Maclagan testified that he had

no knowledge of ever receiving a notice of the arrival of the shipment, either by messenger or through the mail, until nine months after the arrival of the shipment, when he was notified that the goods were at the wharf, and unless taken away would be stored; that the goods were of a perishable nature, and on this account the plaintiff had been notified by the consignor not to receive the goods before he received notice. Hartford testified positively that he had never received any notice of the arrival of the shipment.

Plaintiff is a corporation and transacts its business through its officers and agents. Its uniform custom was to have delivered to Maclagan, or in his absence to Hartford, all notices of the arrival of shipments consigned to it; no other officer, agent or employee was authorized to receive such notices. From this custom in the transaction of its business, the reasonable and legal presumption is that had a notice of the arrival of the shipment been given to plaintiff, it would have been received either by Maclagan or by Hartford. Allen v. Logan, 96 Mo. 591; White v. Ingram, 110 Mo. 474; Ivy v. Yancey, 129 Mo. 501; Wendover v. Baker, 121 Mo. 273; Breckenridge v. Guarantee Ins. Co., 67 Mo. App. 567; Guest v. Railroad, 77 Mo. App. 258. This presumption, in connection with the evidence that no notice was found among the plaintiff's files, where it should have been, if received, furnishes at least *prima facie* evidence that no such notice was given, and the plaintiff was not (as is contended for by respondent), required to enter the field of conjecture and to produce as a witness every person into whose hands the notice might by some possibility have been delivered, to deny that he had received it. It is true the testimony on this subject was wholly negative in character and was given many years after the event, and these circumstances might have deprived it of weight in the minds of the

jury, but it had some inferential potency, and its credibility and sufficiency should have been submitted to the jury under appropriate instructions.

Other questions are discussed in the briefs of counsel but they have been decided by the two former opinions, and are no longer open for discussion. For error in taking the case from the jury the judgment is reversed and the cause remanded. All concur.