VAN CLEVE, Respondent, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, April 6, 1909.**

1. **CARRIERS OF PASSENGERS: Negligence: Passenger Alighting From Train.** To back or jerk a passenger car while a passenger is in the act of alighting from it, without waiting a reasonable time for the passenger to alight, is negligence on the part of those in charge of the train to which the car is attached for which an action will lie by the passenger for an injury caused thereby.

2. ———: ———: **Pleading: Instruction: Res Adjudicata.** When an instruction has been approved on a previous appeal of the same case it remains the law of the case thereafter. An instruction objected to held no broader than the pleadings in this case on a former appeal. [124 Mo. App. 224.]

3. **PRACTICE: Evidence: Timely Exception.** Where no objection was made or exception taken to the introduction of evidence at the trial, the appellate court will not consider errors assigned upon its incompetency.

4. **DAMAGES: Personal Injuries: Excessive Verdict.** In an action for personal injuries where the evidence shows the plaintiff had suffered hemorrhages of the lungs, a broken rib, had developed consumption as a result of the injury, had lost twenty-eight pounds in weight and had spent $200 or $300 for medical aid, a verdict for $4,500 is not excessive.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*W. F. Evans* and *Moses Whybark* for appellant.

*Duncan & Bragg, Ward & Collins* and *J. S. Gossom* for respondent.

NORTONI, J.—This is a suit for damages alleged to have accrued to the plaintiff from personal injuries received by her while a passenger alighting from defendant's train. Plaintiff recovered and defendant prosecutes the appeal.

The evidence tends to prove the plaintiff was a passenger on the defendant's mixed train. She boarded the train at Yarbro, Arkansas, destined to Caruthersville, Missouri, and paid the usual fare to the conductor. She was injured while in the act of alighting from the defendant's passenger coach at the depot at Caruthersville, because of a sudden jerk of the train which precipitated her from the steps of the coach against the depot platform. It appears the train had stopped at the defendant's depot at Caruthersville and the defendant's conductor and brakeman in charge thereof had invited the passengers to alight therefrom. The date of the injury was November 19th. Rain had fallen during the day and by reason thereof mud had accumulated on the steps of the passenger coach from the shoes of those passing in and out. This had slightly frozen and was slippery. While plaintiff was in the act of alighting from the passenger coach, with her grip in her hand, and while she was upon the steps thereof, the train was suddenly jerked by a movement of the locomotive, which caused her to slip on the mud and ice accumulated on the car steps and fall, striking her breast against the platform of the depot, her limbs passing down between the depot platform and the car steps. She was immediately taken up by bystanders and carried into the depot waiting-room, where she had a hemorrhage from the lungs. Afterwards she was carried to the hotel at Caruthersville, where she was confined to her bed for about eight days and suffered frequent recurring hemorrhages. It appears that four or five weeks elapsed before she was able to perform any kind of service and then she could only do a slight amount of housework each day. From the testimony of the physician who attended her, it appears

the fifth rib on the left side was broken near the breast-bone and probably inflicted an injury to the left lung. Numerous witnesses gave testimony to the effect that prior to her injury, plaintiff was a strong, robust woman in good health, of about one hundred and fifty-eight pounds in weight, and that she had never had a hemorrhage of the lungs prior to that time. It appears she had continued to suffer ever since the injury from hemorrhages of the lungs and had depreciated from one hundred and fifty-eight to one hundred and thirty pounds in weight; that tuberculosis of the lungs set in immediately after the injury, and has continued ever since. If the testimony of her witnesses, together with the inferences arising therefrom, are to be taken as true, plaintiff has been a great and continued sufferer since she was injured, and is now far advanced in the throes of consumption resulting from a traumatic injury to the lungs received from her fall against the depot platform. There was evidence on the part of the defendant that the train was not jerked or started at all while plaintiff was in the act of alighting therefrom, and that she received her fall from no other cause than slipping on the steps of the coach, or an accident. There was also expert testimony on the part of defendant to the effect that the plaintiff was not afflicted with consumption, and one witness said she had stated to him that she had had hemorrhages even prior to the time of her injury. However this may be, all of the testimony on either side tends to show the fall and resultant injury while in the act of passing from the defendant's coach to the defendant's depot platform, and that she was seized immediately with a hemorrhage of the lungs while in the waiting-room of the depot. And further, that she has continued to suffer from like hemorrhages ever since.

The first instruction given by the court on the part of the plaintiff is as follows:

"The court instructs the jury that if you find and believe from the evidence in this case that when the

train upon which the plaintiff was a passenger arrived at the depot of defendant at Caruthersville, Missouri, that it came to a stop or was at rest at said depot, and the employees of the defendant requested the passengers thereon to alight therefrom, and thereupon within a rea-sonable length of time the plaintiff attempted, without negligence on her part in so doing, as defined in the in-structions, to alight from said train, and that while at-tempting to alight from said train, said train and cars were suddenly jerked by the negligent act or careless conduct of those in charge of said train, without having given a reasonable length of time for plaintiff to alight from said car of said train, and that in consequence of such negligence of defendant's employees in suddenly jerking or moving said train the plaintiff, without negli-gence on her part, directly contributing thereto, was in-jured, you will find for the plaintiff in a sum not exceed-ing fifteen thousand dollars."

The principal argument for a reversal is that this instruction broadens the issues in the case and permits a recovery on the part of the plaintiff on a matter not al-leged in the petition. The petition alleges in substance that while the plaintiff was on the steps of the car and in the act of alighting from the train, the car was negli-gently jerked and backed, thereby causing her to slip on the accumulated mud and ice on the steps thereof, and "fall to and against the said depot platform," etc. The particular point made against the instruction is that it does not require the jury to find that she fell against the depot platform. There is certainly no merit in this ar-gument. The gravamen of the case is the negligent act of the defendant in jerking and backing the car while plaintiff was in the act of alighting therefrom. It was the duty of the defendant to exercise high care for the plaintiff's safety until she was safely on the depot plat-form. To jerk or back the car while she was in the act of alighting therefrom and without waiting a reasonable time for her to alight, was a breach of its obligation in

that behalf and actionable negligence if an injury resulted. [Canaday v. United Railways Co., 134 Mo. App. 282, 114 S. W. 88.] And such is the negligence relied upon in the petition. This negligent act of the defendant is the element which affixes liability against it. It is not what she did or did not fall against. It is immaterial whether she was precipitated against the depot platform or the earth. If plaintiff was precipitated to either by the negligent act of jerking or moving the car while she was in the act of alighting, defendant is liable to respond for her injury. All of the witnesses on either side of the case who were present at the time, testified to the same effect; that is, that the plaintiff fell against the platform, and the jury could not have found otherwise. Aside from this, it is sufficient to say on this appeal that the identical instruction was approved by this court in this case between the same parties, on a former appeal. [See Van Cleve v. St. L., M. & S. E. Ry. Co., 124 Mo. App. 224, 233.] Having been approved, the matter is now *res adjudicata* and it remains the law of this case thereafter. [Feurt, Exr., v. Ambrose, 34 Mo. App. 360; Hombs v. Corbin, 34 Mo. App. 393; Shoninger v. Day, 61 Mo. App. 366.]

In rebuttal to certain expert testimony introduced by the defendant, the plaintiff placed upon the stand two physicians and examined them quite generally touching the disease of consumption. It is now argued that the court erred in permitting plaintiff to examine these physicians on the disease of tuberculosis in rebuttal. Without more, it is sufficient to say of this assignment that no objection or exception whatever was made thereto by the learned counsel for defendant in the trial of the cause. And further, it appears he fully and freely participated therein. The assignment will be overruled.

The jury awarded plaintiff a verdict of $5,000. Upon the hearing of the motion for a new trial, plaintiff voluntarily entered a remittitur to the extent of $500, and the court entered judgment for plaintiff for $4,500.

We are asked to set aside this verdict on the ground that it is excessive. Besides the facts heretofore recited touching the injury and that it resulted in entailing or developing consumption from a latent germ in the system, the evidence tended to show the plaintiff was a woman thirty-six years of age at the time of her injury, enjoying good health and strength. It appears she has paid between two and three hundred dollars for medicines and medical aid and attention. She is now worn and emaciated, has suffered and continues to suffer great pain and is now in a well-advanced stage of tuberculosis. Her injuries are permanent of course. It is immaterial what the testimony on the part of the defendant may show. The question was for the jury. If the jury believed the plaintiff and her witnesses, as it evidently did, the verdict is not at all excessive. There is certainly nothing in the record to indicate that the verdict was the result of either passion, prejudice or misconduct. In view of these facts, the verdict is certainly not excessive.

The judgment will therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J., concur.*